The judgment appealed from is therefore Affirmed.

---

(97 South. 874)

No. 26062.

**STATE v. JOHNSON et al.**

(Oct. 29, 1923.)

*(Syllabus by Editorial Staff.)*

1. Criminal law ⟨=⟩1166(9)—Denial of continuance to defendants, if error, harmless, where defendants themselves contradicted evidence of absent witnesses.

Refusal of a continuance, even if error, was not prejudicial where it was sought in order to prove that defendants were at the house of the absent witnesses at the time they were charged with manufacturing liquor and during the trial defendants each testified that they were at the still at the time of their arrest, thereby contradicting the testimony of the absent witnesses.

2. Criminal law ⟨=⟩254—Defendant cannot demand of judge trying case a written opinion reviewing law and facts and stating reasons for verdict.

A district judge trying a defendant in a criminal case without a jury is not required, on defendant's demand, to give a written opinion reviewing the law and the facts, and stating his reasons for the verdict rendered by him; defendant having a right under Act No. 93 of 1916 to submit propositions of law and to reserve bills of exceptions.

3. Criminal law ⟨=⟩394—Evidence as to whether still was in operation admissible although information obtained without search warrant.

Testimony of sheriff that a still was in operation was admissible although his information was obtained without such warrant.

Appeal from Thirteenth Judicial District Court, Parish of Grant; L. L. Hooe, Judge.

Frank Johnson and Charley Hoob were convicted of the manufacture of intoxicating liquor for beverage purposes and they appeal. Affirmed.

John H. Mathews, of Alexandria, for appellants.

A. V. Coco, Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria (T. S. Walmsley, of New Orleans, and A. J. Bordelon, of Marksville, of counsel), for the State.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

LAND, J. Defendants, indicted jointly for the manufacture of intoxicating liquor for beverage purposes, were tried together, convicted, and each sentenced to a term of two months in the parish jail, and to pay a fine of $400, and, in default of payment of fines, to serve an additional period of four months' imprisonment.

At the request of defendants a bill of particulars was furnished, showing that the kind of liquor manufactured was white corn whisky, commonly known as "moonshine" whisky.

[1] A motion for continuance was made on the ground of the absence of two of defendants' witnesses, by whom an alibi was expected to be proved for defendants, by showing their presence at the house of said absent witnesses from 6 to 8:30 o'clock a. m.

March 7, 1923, the morning of their arrest, and the day stated in the bill of particulars, on which it is charged that defendants manufactured the intoxicating liquor.

A delay was granted by the trial judge until a return was had on the summonses issued to said witness, stating that no service had been made, because said witnesses who were on a visit to Alexandria, La., could not be found.

The district attorney then agreed to admit that, if said absent witnesses were present, they would testify as set forth in the written motion for continuance, whereupon the court ruled defendants to trial. It is stated in the per curiam of the bill reserved to the overruling of the motion for continuance that "later on in the trial of the case both accused took the witness stand, and each one admitted he was at the still at the time of his arrest, thereby contradicting the testimony of the two absent witnesses, as set up in the motion for continuance, that the accused were at their [witnesses] house from 6 to 8:30 o'clock on the morning of March 7, 1923, the morning of their arrest."

Under these circumstances, the overruling of the motion for continuance, even if erroneous, did not prejudice the accused.

[2] Before the trial began counsel for defendants filed a motion requesting that "the court render a written opinion and judgment or verdict, when the court comes to decide this case; in which opinion, judgment, or verdict the court will refer to the testimony given in this cause, and the weight and legal application that the court gives to the testimony given in this cause; also, that the court give in this written opinion judgment or verdict the reasons for all its findings and the law the court applies in this case."

The trial judge overruled this motion, and at the time offered to file a written charge, if counsel for defendants so wished; but said offer was not accepted.

The court then gave a verbal charge to itself as to the law applicable to the case, and asked counsel for defendants if he desired any special charges to be given; but he requested none, nor did he submit one in writing.

The ruling of the trial judge was correct. We know of no statute of this state conferring upon a defendant tried by a district judge without a jury the right of demanding a written opinion reviewing both the law and the facts of the case, and stating his reasons for the verdict rendered by him.

Under Act 93 of 1916, in all criminal cases tried before the judge without the intervention of a jury, counsel have the right to submit to the judge "propositions of law," and to reserve bills of exceptions to the rulings of the judge, and to annex the evidence to such bills, "in the same manner and to the same extent as is now done in the case of bills of exceptions reserved to rulings on requested charges to the jury."

In the case of the State v. Rose, 147 La. 250, 84 South. 646, we said:

"Under Act 93 of 1916, p. 211, the defendant, in a criminal trial before a judge without a jury, may submit to the judge any legal proposition and demand a ruling thereon, in the manner of asking for a special charge to a jury; and, if the judge in such case errs in his ruling upon the application of the law to the facts established by the evidence, the error may be corrected on appeal to this court, provided the bill of exception presents a distinct question of law and does not require a decision of any question of fact pertaining to the guilt or innocence of the party accused."

Ample opportunity was afforded by the trial judge to counsel for the accused for the exercise of his legal rights under said act, but counsel declined to avail himself of it.

[3] The district attorney propounded to the sheriff on direct examination the following question: "Was the still in operation?" Counsel for the defendant objected to this question on the ground that such information, if the witness possessed same, was in-

admissible, because illegally obtained by invading a place the law prohibits him from invading without a search warrant.

This objection was properly overruled, as such evidence was admissible, although obtained without a search warrant. State v. Fleckinger, 152 La. 337, 93 South. 115; City of Shreveport v. Marx, 148 La. 31, 86 South. 602; State v. Zeblit, 152 La. 594, 93 South. 912; State v. Davis et al. (La.) 97 South. 590;[1] State v. Lowry, 153 La. 177, 95 South. 596.

The judgments appealed from are therefore affirmed.