subsequently, bring such a suit upon a quantum meruit or implied contract.

A judgment of nonsuit, whether with or without reservation of the right to again sue upon the same cause of action, decides nothing with respect to the merits of the claim thus disposed of. Such a judgment merely leaves the situation, as to that cause of action, as if no suit had ever been filed upon it.

The judgment appealed from is therefore affirmed at appellant's cost.

(125 So. 257)

No. 30221.

## STATE v. BRANTLEY et al.

Dec. 2, 1929.

J. W. Elder, of Ruston, for appellants.

Percy Saint, Atty. Gen., and Wm. J. Hammon, Dist. Atty., of Jonesboro (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

LAND, J. The defendants, Garland Brantley, Grover Milam, and Louis Finley, were tried, convicted, and sentenced for possessing intoxicating liquor for sale for beverage purposes. Each of the defendants has appealed. Three bills of exceptions were reserved on the trial of the case.

Bill No. 1 was taken to the refusal of the judge a quo to grant a new trial on the ground that the verdict was contrary to the

law and the evidence. This bill presents nothing that this court can review, as the trial judge stated, in overruling the motion, that the verdict was fully justified by the evidence.

▮ Bill No. 2 was reserved to the refusal of the lower court to charge seven special charges requested by defendants.

In the per curiam to this bill, the trial judge declares that none of these charges was applicable to the facts of the case, as made out by the evidence adduced at the trial. These charges are predicated upon the assumed insufficiency of the evidence to convict, while the trial judge declares the evidence sufficient. The bill is without merit.

### Bill No. 3.

▮ The district attorney asked a state witness the following question: "Did he (Brantley) own that premises or just occupy it?"

Counsel for defendants objected to this question, unless the witness "knows that of his own knowledge." The trial judge made no ruling.

The witness answered: "It was generally known—"

Before the answer of the witness was completed, counsel for defense stated: "I object to that," and then asked the witness the question: "Was he (Brantley) there at the time?"

The witness answered: "No, sir."

Then counsel for defendants further objected that "the deed would be the best evidence."

The court overruled this objection, stating at the time: "Counsel is not attempting to prove title to real estate."

The state witness did not answer that it was generally known that Brantley owned or occupied the premises, but was stopped by counsel for the defense after the incomplete answer, "It was generally known—" It is clear, therefore, that no hearsay evidence whatever was then introduced as to the ownership or possession of the premises by the defendant Brantley.

▮ The state witness was a deputy sheriff. He knew the defendant Brantley personally, and had previously testified, without objection, that he had found the whisky 100 or 125 yards from Brantley's house. This was direct, and not hearsay, evidence, and was admissible for the purpose of showing the possession of the premises by the defendant Brantley; the title to the property not being a material issue in the case.

▮ The record does not bear out the statement in the bill, made by counsel for defendants, that: "The court overruled the objection and permitted the witness to answer that it was generally known *that the defendant Brantley owned or occupied the premises.*" The testimony as taken down by the clerk must control.

The per curiam to this bill reads as follows: "The ownership of the land and the residence on it was not a material matter or an issue in the case. It was proven, and not disputed, that whether the place was owned by Garland Brantley or not, he was in possession of and occupied it, and that the other two defendants also occupied the residence with Garland Brantley."

The proof referred to in the per curiam clearly relates to the testimony of the state witness, the deputy sheriff, given in the case, before any objection was made.

We find no error in the ruling of the trial judge.

The conviction and sentence of each of the defendants are affirmed.