21 So.2d 877

**STATE v. WHITE.**

No. 37723.

March 26, 1945.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Edwin M. Fraser, Dist. Atty., of Many, for the State, plaintiff and appellant.

Cawthorn & Golsan, of Mansfield, for defendant and appellee.

PONDER, Justice.

Pompey White, the defendant, was indicted on October 10, 1944, for murder. Upon trial, he was convicted of negligent homicide. On the motion of the defendant, a new trial was granted on the ground that the verdict was contrary to the law and the evidence. The State excepted to the order granting the new trial and has appealed.

It appears from the per curiam of the trial judge that the new trial was granted under the provisions of Article 509 of the Code of Criminal Procedure for the reason that the evidence did not support the verdict.

The State contends that the trial court erred in granting the new trial because the verdict of negligent homicide was re-

sponsive to the charge of murder. Counsel for the State takes the position that the State has a right to have the ruling of the trial judge, granting the new trial, reviewed on appeal by this Court under the provisions of Articles 540 and 541 of the Code of Criminal Procedure.

Articles 540 and 541 of the Code of Criminal Procedure read as follows:

"No appeal lies in any criminal case, except as otherwise provided in this Code, from any order, ruling or judgment which does not finally dispose of the case. The prosecution and the defense have each the right in an appealable case to appeal from the final prejudicial judgment." Article 540, Code Cr.Proc.

"A case is finally disposed of by any judgment which dismisses the prosecution, whether before or after verdict, that grants or refuses to grant a new trial, that arrests or refuses to arrest judgment, or that imposes sentence." Article 541, Code Cr.Proc.

■ From a careful analysis of these articles of the Code of Criminal Procedure, it is apparent that the law makers intended to grant an appeal only from rulings or judgments which finally dispose of the case. The granting of the new trial does not dispose of the case.

■ Moreover, under the provisions of Article 7, sec. 10, of the Constitution and Article 516 of the Code of Criminal Procedure, neither the appellate nor supervisory jurisdiction of this Court can be invoked to review the granting or the refusing to grant a new trial except for error of law.

■■ It is well settled in the jurisprudence of this State that a bill of exception reserved to the overruling of a motion for a new trial based on the ground that the verdict is contrary to the law and evidence does not present any question of law for review. State v. Proctor, 165 La. 584, 115 So. 759; State v. Goodwin, 189 La. 443, 179 So. 591; State v. McKee, 193 La. 39, 190 So. 325. The granting of a new trial on such grounds does not present any question of law. State v. Welsh, 23 La. Ann. 142; State v. Davis, 48 La.Ann. 727, 19 So. 670; State v. Sherman, 144 La. 76, 80 So. 205.

■ A review of the question raised herein would require an inquiry into the facts for the purpose of determining whether or not the ruling was correct. The Constitution gives this Court appellate jurisdiction in criminal cases on questions of law alone. Whether or not the evidence supports the verdict is purely a question or fact over which we have no appellate jurisdiction.

For the reasons assigned, the appeal is dismissed ex proprio motu.