**95 So.2d 641**

**STATE of Louisiana**

**v.**

**Charlie COSTON.**

**No. 43387.**

**May 6, 1957.**

Gravel, Humphries, Sheffield & Mansour, Alexandria, for relator.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Sam L. Wells, Dist. Atty., Colfax, for respondent.

HAMITER, Justice.

In a bill of information the defendant, Charlie Coston, was charged with having killed, on or about December 30, 1956, a female wild deer in violation of LRS 56:124.

Prior to arraignment an exception was filed in which the accused pleaded: "The provisions of R.S. 56:131 have not been complied with, in that, among other things, the defendant was not taken before a justice of the peace prior to the filing of criminal charges against him.

"Under the laws of the State of Louisiana, no criminal charge can be entertained unless the defendant is taken before a justice of the peace and has had made upon him an oral demand for the amount of the penalty provided by R.S. 56:128.

"If an oral demand for the appropriate penalty is made before the justice of the peace and then and there paid by defendant no criminal charges can thereafter be prosecuted."

On a hearing of the exception the district attorney and defense counsel stipulated "* * * that after the defendant, Charlie Coston, was arrested he was not taken before a justice of the peace and there had made upon him an oral demand as is provided by R.S. 56:131. The defendant was arrested and criminal charges were filed immediately. Nothing was done by the arresting officers or any other law enforcement officers to comply with the provisions of R.S. 56:131."

The district court overruled the exception; and, after a trial, it adjudged the accused guilty of the charge. The sentence imposed was imprisonment in the parish jail for fifteen days and a fine of $50.

The cause was brought here, on the application of the defendant, under our supervisory powers.

Conservation and protection generally of wild birds and game are provided for in Louisiana Revised Statutes Part IV, Subpart A, Title 56, Sections 101 to 140, both inclusive. Section 124 prohibits the taking of "any doe (a female wild deer), at any time", and it denounces other acts inimical to conservation. Section 139 sets forth the general criminal penalty to be imposed for a violation of the recited protective measures.

Also contained in the mentioned Sub-part A, however, are sections providing for the imposition of a civil penalty respecting a violation. The provisions thereof which are pertinent here read as follows:

"§ 128. * * * The state has a civil right of action for a penalty of twenty-five dollars, which shall be entered, without suspension, as a civil judgment against any defendant adjudged to have violated this Sub-part; for a second offense the civil penalty shall be one hundred dollars; for a third offense two hundred dollars with revocation of license; all without right of suspension.

*    *    *    *    *    *

"§ 131. * * * In cases of arrests for violation of the provisions of this Sub-part, the arresting officer, *before making applicable criminal charges,* shall bring the alleged defendant before any justice of the peace in the parish where the offense was committed without regard to the domicile or residence of the offender, and make oral demand for the amount of penalty allowed to be sued for in the case, not exceeding one hundred dollars. * * * After such civil demand for the penalty has been made and docketed by the justice, the defendant may, at his discretion for purposes of compromise, and without prejudice, propose to pay one half of the minimum penalty for which judgment could be rendered against him after trial; and such amount may then and there be paid in cash to the justice, plus one dollar and fifty cents as costs to be paid to the justice. The judgment shall be entered accordingly as a compromise judgment and marked satisfied on the records of the court when so paid. If the offense charged as causing the penalty claimed, in the opinion of the arresting officer be accompanied by acts indicating contempt for the law violated, or other evidence repelling the grant of mercy or consideration, then the officer may enter his objection to compromise and compromise shall not be entered, and the case shall come to trial as hereinbefore provided. In any case, regardless of the consent of the arresting officer, a compromise judgment may be entered at any time in an amount not less than double the minimum penalty, if judgment and costs be paid then and there.

"§ 132. * * * In any case where a civil judgment has been satisfied, the department shall not prosecute any criminal charge which may have been made for the same offense." (Italics ours)

■ In the instant cause defendant's exception, we think, should have been sustained. According to the plain provisions of Section 131 the arresting officers were required to bring a civil proceeding against the accused (in a justice of the peace court of the parish where the offense was committed) "before making applicable criminal charges." Institution of a civil action against him, in other words, was a condition precedent or a prerequisite to his being charged criminally. And the above quoted stipulation discloses that such was not done.

Whatever be the purpose of the civil proceeding thus provided for we do not know with certainty. Apparently, it was primar-

ily designed to permit, through a compromise judgment, the avoidance of criminal prosecution by a person who commits a violation of the game laws unwittingly or in whose favor there are mitigating circumstances. This is suggested by those provisions of Section 131 which authorize a compromise by the payment of one-half of the civil penalty demanded (plus costs), unless in the opinion of the arresting officer there were "acts indicating contempt for the law violated, or other evidence repelling the grant of mercy or consideration."

■ The state, in the brief of its counsel, argues: "If we assume that R.S. 56:131 et sequor must be followed—then there can be no enforcement of the fish and game laws by the criminal courts. Only a $25 penalty can be inflicted against a person who is apprehended for willfully killing a doe deer. Certainly this small 'civil' penalty will not deter willful game violators and our deer population will soon be decimated. * * *" Whether the prescribed civil proceeding with its attendant penalty militates against adequate wild life protection is not for the court's determination. The question is one of policy which the lawmakers must resolve.

■ That the provisions of LRS 56:101 et seq. require the institution of a civil proceeding against a game law violator before criminal charges are filed is not seriously disputed by the state. Its brief is almost entirely directed to the contention that such provisions are unconstitutional in that they attempt to confer criminal jurisdiction on justices of the peace in violation of Article VII, Section 48 of the Louisiana Constitution. However, the question of constitutionality cannot now be considered by us inasmuch as it was not properly raised in the district court. See State v. Quinn, 155 La. 287, 99 So. 222.

For the reasons assigned the writs heretofore issued are made peremptory, the conviction and sentence are set aside, and the defendant is discharged.