209 So.2d 729

**STATE of Louisiana**

v.

**Earl SMITH.**

No. 48949.

April 29, 1968.

E. A. Kunz, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

BARHAM, Justice.

The defendant, charged with simple burglary, was tried, found guilty as charged, and sentenced to 50 years in the Louisiana state penitentiary as a fourth offender. Defendant filed a motion for a new trial on the sole ground that "said verdict is contrary to the law and the evidence". On appeal he relies for reversal only upon the bill of exception reserved to the overruling of this motion.

In brief and in oral argument before this court defendant contends that there was *no evidence* at the trial to support the jury's verdict, and alternatively that the presumption provided by LSA–R.S. 15:432, "* * * that the person in the unexplained possession of property recently stolen is the thief * * *", violates the Fifth Amendment of the United States Constitution and Article 1, Section 11, of the Constitution of Louisiana. These contentions were not presented to the trial judge, nor were any bills of exception reserved embodying these allegations, nor did the motion for a new trial urge them.

The Louisiana Code of Criminal Procedure, Article 851(1), provides for a motion for a new trial *before the trial court* based upon the allegation that "The verdict is contrary to the law and the evidence".

State v. Daspit, 167 La. 53, 118 So. 690 (1928). It is urged that by reserving a bill of exception to the denial of the motion for a new trial under Article 851(1), the defendant may now present his alternative specific arguments to this court. The jurisprudence has clearly held to the contrary, since this court can review only questions of law on appeal, and this bill of exception does not address itself to a question of law. State v. Brantley, 169 La. 315, 125 So. 257 (1929); State v. Avery, 176 La. 264, 145 So. 535 (1933); State v. White, 207 La. 695, 21 So.2d 877 (1945); State v. D'Ingianni, 217 La. 945, 47 So.2d 731 (1950).

This court said in State v. Ricks, 170 La. 507, 128 So. 293, 297 (1930):

"Counsel cites article 509 [now Article 851] of the Code in support of this contention. This article merely provides that 'a new trial ought to be granted: 1. Whenever the verdict is contrary to the law and the evidence.'

"That this provision refers to new trials applied for before district judges is made patent by article 516 [now Article 858] of the Code of Criminal Procedure, which declares that: *'Neither the appellate* nor supervisory jurisdiction of the Supreme Court can be invoked to review the granting or the refusal to grant a new trial *except for error of law.'*

"Any provision in the Code to the contrary would have been clearly unconstitutional, because in direct conflict with the provision contained in article 7, § 10, of the Constitution of 1921, declaring that: 'The appellate jurisdiction of the Supreme Court shall also extend to criminal cases *on questions of law alone,'* etc."

For the reasons assigned the conviction and sentence are affirmed.