*1043 BARHAM, Justice
(dissenting in part).
Hudson’s Bill of Exception No. 20 was taken to the trial court’s refusal to give a directed verdict in response to the defendant’s motion when the State rested its case. This was a discretionary ruling, and under the judge’s per curiam I find no prejudicial error. Ordinarily I would concur since the majority has also rejected the hill of exception. However, the majority without plea of unconstitutionality or any other urging has declared unconstitutional the first paragraph of Code of Criminal Procedure Article 778, our directed verdict law in jury cases. The majority reasoned that this article deprives the jury of the right to he the judges of the law and the facts on the question of guilt or innocence, in contravention of Article 19, Section 9, of the Louisiana Constitution of 1921.
I do not believe that this bill of exception poses for this court the question of our jurisdiction, which is defined under Article 7, Section 10. I believe that it poses only a question of the jurisdiction of the trial court under Article 19, Section 9, and therefore unconstitutionality of the statute cannot be noted by us ex proprio motu but must be specially pleaded.
Analogous to the directed verdict article is Article 851, which provides in part: “The [trial] court, on motion of the defendant, shall grant a new trial whenever: (1) The verdict is contrary to the law and the evidence * * We have consistently permitted the trial judge thus to pass upon the sufficiency of the evidence, and have even reversed when he rejected a motion for a new trial based upon such grounds because he believed his passing upon such a motion to be an invasion of the jury’s province.[1] Although for over a century our trial courts have considered sufficiency of evidence on a motion for a new trial, we have consistently held that the only adverse rulings reviewable on appeal are those in which the motion is based upon an allegation that there is no evidence to support the conviction, and we have thus *1045 preserved our appellate jurisdiction over only questions of law in criminal cases as required by Article 7, Section 10, of the Constitution.
In State v. Ricks, 170 La. 507, 128 So. 293, this court noticed that Article 509 of the 1928 Code of Criminal Procedure (a source of our present Article 851) applied only to trial courts’ jurisdiction, as made apparent by Article 516 (source of our present Article 858), which read: “Neither the appellate nor supervisory jurisdiction of the Supreme Court can be invoked to review the granting or the refusal to grant a new trial except for error of law.” That holding further noted that a provision to the contrary (i. e., appellate review of facts) would be unconstitutional under Article 7, Section 10. We reaffirmed this recently in State v. Smith, 252 La. 125, 209 So.2d 729.
The motion for a new trial where “the verdict is contrary to the law and the evidence” and the motion for a directed verdict where “the evidence is insufficient to sustain a conviction” have similar purposes and accomplish similar objects at different stages of the proceedings. We have recognized the former motion as proper procedure in the trial court and have experienced no difficulty in exercising our appellate jurisdiction over that procedure within our constitutional limits. It is not only inconsistent, but contrary to law, for us to pass ■upon the constitutionality of the latter sua sponte. Admittedly we cannot review questions of fact relating to guilt, but certainly we need not in the instant case since the directed verdict article neither contains such a mandate nor addresses itself to our jurisdiction. If the procedure provided for the trial court is unconstitutional, we can only pass upon that issue under a special plea. State v. Coston, 232 La. 1019, 95 So.2d 641.
I disagree with the majority in its statement: “Since the issue presented by this bill requires a determination of the extent of this Court’s jurisdiction, it has been necessary to decide constitutional questions which were not urged.” I respectfully dissent from the declaration of unconstitutionality of a portion of Code of Criminal Procedure Article 778, and as to the other bills of exception I concur.
Rehearings denied.
HAMITER and SANDERS, JJ., concur in the denial of a rehearing. They are of the opinion, however, that a consideration of the constitutional question under Bill of Exceptions No. 20 is unnecessary and improper.
BARHAM, J., concurs in the denial but adheres to the views expressed in the concurrence in part and dissent in part that we are without authority to pass upon the constitutional issue under Bill of Exception No. 20.