BARHAM, Justice. ■
 

 Walter Ronald McClain and James McBroom were jointly charged in a bill of information with armed robbery. McBroom pleaded guilty. McClain was later tried, convicted as charged, and sentenced to-nine years’ imprisonment at hard labor. He has appealed, relying for reversal on two bills of exception.
 

 Bill of Exception No. 1 was reserved to the admission of testimony of Clyde R. Hinton, a State’s witness, who related a conversation and occurrences in a hotel room a short time after the robbery while he, McBroom, and the defendant McClain were all present. The witness testified that the defendant pulled some money out of his pocket, and that McBroom laid a gun on the bed; that the witness was asked by the defendant to count the money, that he did so and told the others it amounted to $257.00; that McBroom said in the presence and hearing of the defendant that the money had come from the 7— 11 Food Store on Warren Drive. (The robbery had taken place at this store.) In the testimony attached to the bill there is
 
 *59
 
 no mention of any response by the defendant to McBroom’s statement.
 

 Defense counsel argues that the witness Hinton could not testify to what a third person, McBroom, had said because McBroom was available to be called as a witness, that such testimony was hearsay, and that its admission deprived the defendant of his constitutional right to confrontation and cross-examination, as expressed in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476.
 

 The trial judge properly admitted this evidence. If a statement incriminating a defendant is made by another in the defendant’s presence and hearing, under circumstances where a denial, explanation, or reply would be expected and where the defendant is not in legal custody and is at full liberty to speak, evidence of that statement, and of the defendant’s silence and failure to deny or explain it, may be submitted to the jury for consideration as an admission by the defendant of that statement. State v. Sharbino, 194 La. 709, 194 So. 756, and authorities cited; 22A C.J.S. Criminal Law § 734(1) ; see State v. Hayden, 243 La. 793, 147 So.2d 392. The evidence here of the circumstances surrounding McBroom’s statement and the defendant’s silence satisfies the requisites for admissibility of the statement and of the defendant’s silence as an admission.
 

 The holding of Bruton v. United States, supra, is not applicable to the present case. Confrontation and cross-examination are not the issues here. The witness Hinton testified concerning a possible admission of the defendant, evidenced by reason of his silence and the appurtenant inference of acquiescence in the face of an accusation under these circumstances. Hinton was subject to full cross-examination on all the circumstances and facts connected with that admission. Just as a verbalized statement against interest may be utilized as an admission, silence under such circumstances as were here presented may also be considered as an admission. Neither the witness to a verbalized admission nor the witness to an admission through silence is obliged to vouch for the truth of the content of the admission. Hinton’s testimony is admitted not as truth of what McBroom said, but only to show the defendant’s acquiescence in that statement through failure to deny or explain. Hence to admit this testimony is not a denial of the defendant’s right of confrontation and cross-examination.
 

 Bill
 
 of Exception No. 2 was taken to the overruling of a motion for a new trial. According to the bill and the motion itself, this motion was grounded upon two alleged errors: (1) That the verdict is contrary to the law and the evidence, and (2) that the admission of the testimony of Hinton was prejudicial error. The second
 
 *61
 
 ground of the motion we have already discussed. Under our well settled jurisprudence, a motion for a new trial on the ground that the verdict is contrary to the law and the evidence presents nothing for our review. C.Cr.P. Art. 858; State v. Smith, 252 La. 125, 209 So.2d 729, and cases cited.
 

 The defendant in brief urges error in the trial court’s failure to instruct the jury on the law of conspiracy. This issue was not raised in the trial court, and we will not note such an objection made for the first time on appeal.
 

 The defendant’s conviction and sentence are affirmed.