BARPIAM, Justice
(dissenting).
The majority has reversed the conviction and sentence of the appellant when in fact his appeal offers nothing for our consideration. Code of Criminal Procedure Arti-. cle 920 “Scope of Appellate Review”, stipulates that the only matters which shall be considered on appeal are (1) those brought up by formal bills of exception properly. *377 perfected and (2) any error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. The defendant reserved bills of exception to the overruling of his motions for a new trial and in arrest of judgment, but since there are no bills in the transcript of appeal, it must be assumed that these bills were never perfected. In addition, the record shows no error such as is described by Article 920(2).
In any event, even if the motion for a new trial had been brought before this court by bill of exception, that motion, based as it is on the sole allegation that the verdict is contrary to the law and the evidence, would present nothing for us to review. State v. Smith, 252 La. 125, 209 So.2d 729, and cases cited.
Moreover, the motion in arrest brings nothing before us. Former R.S. 15:517 provided that the motion in arrest lay only for “a susbtantial defect, patent upon the face of the record”. That statute has been superseded by Article 859 of the Code of Criminal Procedure, which specifies the only eight grounds that will serve to arrest judgment, all involving defects so basic that they should not be cured by verdict. I agree that a verdict which “is not responsive to the indictment, or is otherwise so defective that it will not form the basis of a valid judgment” [C.Cr.P. Art. 859(5)] is such an error as to be reviewable by this court without a perfected bill. However, I cannot reason how the majority has found this ground for arrest of judgment applicable to the defendant’s motion.
The ground of defendant’s motion in arrest is that he was denied due process because the verdict was based upon a misconception of the law by the trial judge.[1] This is no more than an argument that the verdict is contrary to the law. For this error he relies upon a post-verdict statement or so-called per curiam[2] in which the trial judge gratuitously states that he was persuaded to some extent to arrive at the verdict by a presumption of law, which the defendant argues does not in fact exist. Neither the defendant nor a court may inquire into the mind of judge or jury to see how or why they reasoned to reach a verdict or to ascertain the basis for or method of arriving at a verdict. See State v. Johnson, 154 La. 597, 599-600, 97 So. 874. The defendant has sought relief through means not afforded him by our law and has not availed himself of a remedy which would have allowed him to bring his complaint properly *379 before this court. The law applicable to a particular case, upon which the verdict is to be based, is stated in the judge’s charge to the jury or, where the case is tried by a judge alone, in a charge to himself.[3] In the instant case the defendant could have required the judge to charge himself on the .applicable law, and if in the defendant’s opinion the judge refused correct charges, made an incorrect statement of the law, or included and considered a presumption which did. not exist in law, .the defendant •could have objected and reserved and perfected a bill of exception so that this court might review the alleged error. See State v. Johnson, supra.
The majority has used Article 859(5) for a purpose for which it was never designed or intended.[4] That subsection is authority for inquiring into the legality of the verdict, but it does not give leave for either the trial court or this court to determine whether the verdict is supported by the law and the evidence. It does not test the correctness of the verdict. The question of the correctness of the verdict — that is, whether the law and the evidence support it — may be raised in the trial court by the motion for a new trial (C.Cr.P. Art. 851), but such a question is not reviewable by this court. See State v. Smith, supra.
The defendant’s objections do not fall within the specified grounds for arrest of judgment and are therefore not before this court for consideration.
Since for these reasons I conclude that the conviction and sentence must be affirmed, I respectfully dissent.

. The defendant was tried by a judge alone.

. A “per curiam” by the trial judge giving his reasons for reaching the verdict is included in the transcript, but cannot be noticed by this court for there is no perfeeted bill of exception to wliicb it is attached. Furthermore, the statement is nothing more than the judge’s reasons for verdict, and these reasons are neither a per curiam nor a matter for our review.

. C.Cr.P. Art. 781. The' redactors’ comment states .in part: “* * * The purpose of this article * * * is to isolate, for appellate review, the thinking of the judge with reference to particular * * * issues.”

. The redactors’ comment under Article 859(5), though not binding upon the court, is informative and helpful:
“Ground (5) is a codification of the jurisprudence, which holds that judgment may be arrested when the verdict is not .. .responsive to the indictment. State v. Gendusa, 190 La. 422, 182 So. 559 (1938) ; State v. Love, 210 La. 11, 26 So.2d 156 (1946). In the Love case, the •court held that a motion in arrest of judgment was well founded which alleged that the verdict of guilty of attempt to commit manslaughter was not responsive to the indictment for murder.
“The second part of ground (5), a verdict so defective that it will not form the basis of a valid judgment, is based on part of the language in Art. 279 of the 192S Code, which lists the requisites for double jeopardy. This particular language is advisedly emxiloyed in order to make clear the intention that a motion in arrest of judgment should be sustained in any case in which the verdict rendered will not support a plea of former jeopardy.”