923 So.2d 625 (2006)
STATE of Louisiana
v.
Corey MILLER.
No. 2005-K-1111.
Supreme Court of Louisiana.
March 10, 2006.
Ronald J. Rakosky, Glass & Reed, Robert S. Glass, New Orleans, for applicant.
Charles C. Foti, Jr., Attorney General, Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Douglas W. Freese, Juliet L. Clark, Roger W. Jordan, Jr., Assistant District Attorneys, for respondent.
*626 PER CURIAM:[*]
The decision of the court of appeal is reversed, the judgment of the district court granting relator a new trial is reinstated, and this case is remanded to the district court for further proceedings.
We need not address the merits of the court of appeal's disagreement with the trial judge that the state's suppression of material exculpatory evidence undermined confidence in the jury's verdict and required a new trial as a matter of the Due Process Clause. State v. Miller, 04-0682 (La.App. 5th Cir.3/10/05) (Daley, J., dissenting). Nor do we need to address any tension between observations of this Court that a trial judge's ruling on a motion for a new trial to serve the ends of justice, see La.C.Cr.P. art. 851(5), presents a question of law reviewable under an abuse of discretion standard, State v. Randolph, 275 So.2d 174, 177 (La.1973); State v. Bolivar, 224 La. 1037, 71 So.2d 559, 560 (1954); State v. Truax, 222 La. 463, 62 So.2d 643, 644 (1952), and other case law which holds that such a ruling is essentially unreviewable. State v. Toomer, 395 So.2d 1320, 1328 (La.1981)(grant or denial of a new trial under art. 851(5) "presents nothing for this Court's appellate review"); State v. Williams, 343 So.2d 1026, 1037 (La.1977)(same); State v. D'Ingianni, 217 La. 945, 951, 47 So.2d 731, 733 (1950)(same); cf. State v. White, 207 La. 695, 698, 21 So.2d 877, 878 (1945)("The granting of a new trial on ... grounds [that the verdict is contrary to the law and evidence] does not present any question of law."). Even assuming, arguendo, that the trial court erred with respect to its finding that the state's suppression of exculpatory evidence satisfied the high standard of materiality adopted by the Supreme Court for determining when the Due Process Clause requires a new trial, see Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), and assuming further that in all circumstances a trial court's ruling whether to grant or deny a motion for a new trial "on the supposition that injustice has been done the defendant," La.C.Cr.P. art. 851, is subject to review under an abuse of discretion standard, we agree with the dissenting view of Judge Daley that the trial judge in the present case did not misuse her authority by granting the motion to serve the ends of justice, although, in the opinion of an appellate court, defendant was not entitled to that result as a matter of legal right.
In the present case, the court of appeal read the trial court's judgment to mean that because the state had suppressed material exculpatory evidence, the ends of justice required a new trial. Miller, 04-0682 at 1, n. 1 ("[The trial judge] concluded that Brady [v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)] violations undermined confidence in the verdict and thus the ends of justice were served by the granting of a new trial.") (emphasis added). The court of appeal reasoned, implicitly, that if the judge were wrong about the former, and a majority on the panel thought that she was, although they agreed that the state had suppressed evidence favorable to the defense in two instances, then the trial judge was also wrong about the latter. However, after finding that the state's suppression of evidence favorable to the defendant undermined confidence in the verdict returned by the jury, i.e., that defendant was legally entitled to a new trial to cure the due process errors in the first proceeding, the trial judge added, "Further, this court is of the opinion that the ends of justice would be served by the *627 granting of a new trial." (emphasis added). That the trial judge's use of "further" demarcated a second and alternative basis for granting relator a new trial clearly appears from the transcript of her immediately preceding remarks in which she read the provisions of La.C.Cr.P. art. 851(3)(newly discovered evidence) and art. 851(5)(ends of justice) as two separate grounds pertinent to the present case upon which a district court may grant a new trial. The trial judge's reasons for judgment thus embraced the differing means by which a defendant may require or persuade a trial court to grant a new trial, but in any event the court found on evidence specific to the case that an injustice had been done the defendant warranting a new trial. The court of appeal then conflated the court's reasons into a single ground presenting the question of whether the trial judge was required to reach that result as a matter of law.
An appellate court's independent review of the evidence may lead it to disagree with a lower court's assessment of whether the state's suppression of exculpatory evidence undermines confidence in the verdict returned by a jury and requires a new trial as a matter of the Due Process Clause. See Kyles, 514 U.S. at 421-22, 115 S.Ct. at 1560 ("Because the net effect of the evidence withheld by the State in this case raises a reasonable probability that its disclosure would have produced a different result, Kyles is entitled to a new trial."). However, that disagreement alone may not form the basis of setting aside a trial court's further finding on the same evidence that in any case a new trial appears warranted to serve the ends of justice because La.C.Cr.P. art. 851(5) gives the court the authority to make that call "although the defendant may not be entitled to a new trial as a matter of strict legal right." See La.C.Cr.P. art. 858 ("Neither the appellate nor supervisory jurisdiction of the supreme court may be invoked to review the granting or the refusal to grant a new trial, except for error of law."). Louisiana law thereby recognizes the unique position of a trial judge to "get the feel of the case" by observing the witnesses first hand as they testify. State v. Talbot, 408 So.2d 861, 885 (La.1981)(on reh'g)(interior quotation marks and citations omitted). In the present case, the 20-page judgment issued by the trial judge reflects a painstaking review of the evidence presented at trial and in the course of 13 post-verdict hearings, during which the court had become convinced, apart from any Brady question, that one of the state's principal witnesses was "someone who is accustomed to lying." The judgment provides substantial assurance, if any is needed, that the trial judge did not act arbitrarily or capriciously but exercised her authority under La.C.Cr.P. art. 851(5) for reasons firmly grounded in the record of trial and post-verdict proceedings and in the discharge of her duty to administer justice.
JUDGMENT OF THE COURT OF APPEAL REVERSED; JUDGMENT OF THE TRIAL COURT GRANTING A NEW TRIAL REINSTATED; CASE REMANDED.
NOTES
[*] Chief Justice Pascal F. Calogero, Jr., recused.