# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #044

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **18th day of September, 2017**, are as follows:

**BY HUGHES, J.:**

2015-KP-1283      STATE OF LOUISIANA v. CALVIN KING (Parish of Jefferson)
                  For the reasons given, the judgment of the appellate court is
                  reversed, and the trial court judgment, granting the defendant's
                  motion for new trial, is reinstated.
                  APPELLATE COURT JUDGMENT REVERSED; TRIAL COURT JUDGMENT
                  REINSTATED.

                  GUIDRY, J., dissents and assigns reasons.
                  CLARK, J., concurs in the result.
                  CRICHTON, J., concurs with the result.

## SUPREME COURT OF LOUISIANA

## No. 2015-KP-1283

## STATE OF LOUISIANA

## VERSUS

## CALVIN KING

## ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIFTH CIRCUIT, PARISH OF JEFFERSON

**Hughes, Justice.**

This case involves a trial court's grant of a motion for new trial on the basis that the verdict was contrary to the law and the evidence pursuant to Louisiana Code of Criminal Procedure article 851(1).[1] A jury convicted the defendant of second degree murder and armed robbery. The defendant filed a motion for new trial, which focused on inconsistencies in the evidence presented to the jury, arguing that the testimony of the one eyewitness contained internal inconsistencies and was at least partially irreconcilable with the physical evidence. The trial court granted the motion, ordering a new trial for the defendant. The appellate court reversed. For the reasons that follow, we reverse the appellate court and reinstate the trial court ruling.

---

[1] Both parties agree that the trial court's grant of the motion for new trial was based on Article 851(1).

## FACTS AND PROCEDURAL HISTORY

The following narrative was presented at trial. The body of Javier Sanchez was found on November 2, 2007 in Orleans Parish near the old Jazzland Theme Park. He had been shot in the abdomen at close range. Earlier that evening, Maria Abreu, Mr. Sanchez's girlfriend with whom he shared an apartment on Clearview Parkway in Metairie, answered a knock at the door. Three armed men forced their way into the apartment looking for Mr. Sanchez and "two kilos." Ms. Abreu does not speak English well and could not understand exactly what the men wanted. She gave them about $8,000 from a briefcase in the house. The assailants bound her hands and feet with duct tape and then used the tape to tie her to the bedposts of a bed on the second floor of the apartment. Ms. Abreu's cell phone was taken. The assailants continued to ransack the home.

Mr. Sanchez returned from his errands carrying a drink and a bag containing food. He yelled to Ms. Abreu when he entered that she should have answered her phone. Ms. Abreu heard some items fall (later determined to be the food and drink) and heard the men leave. She then went to the window in the second-floor bedroom and saw Mr. Sanchez's Ford Expedition drive away. She saw one person sitting in the driver's seat. Mr. Sanchez was sitting in the middle of the back seat with one person on either side of him. The parking lot of the apartment complex was dark, but Ms. Abreu said she could see into the Expedition because an interior light was on.

Mr. Sanchez's vehicle was found in New Orleans East on November 8, 2007. The car was found under a covered carport adjacent to a residence. The car's interior was burned and the steering column was damaged.

At trial, the parties stipulated that a latent fingerprint lifted from the adhesive side of a roll of duct tape recovered from the living room at the apartment matched Calvin King's right index finger. The state's only eyewitness to any of the events

2

of November 2, 2007 was Ms. Abreu. Also at trial, the defense called an investigator who testified that based on a reconstruction of the scene, Ms. Abreu could not have seen what she claimed she witnessed based on where the Expedition would have been parked, the distance, angle and lighting conditions as well as an apron on the window that blocked the view from the apartment. Other inconsistencies brought to light were whether Ms. Abreu previously told police that the men came knocking on the door twice; whether Ms. Abreu had previously told law enforcement that she knew Mr. Sanchez was selling cocaine; whether Ms. Abreu's mouth had been duct taped; and whether Ms. Abreu had reported to police that she had been pistol whipped.

A jury returned verdicts of guilty of second degree murder (La. R.S. 14:30.1) and guilty of armed robbery (La. R.S. 14:64.3) on February 1, 2013. The defendant filed a Motion for New Trial, which was based on Louisiana Code Criminal Procedure articles 851(1) and 851(2).

Following a hearing, the trial court granted the motion and gave the following reasons from the bench:

> Through all the motions that we heard in this case and the trial itself, I've had a lot of problems with the testimony of Maria Abreu because of so many inconsistencies that she's had in her testimony. And this is strictly a circumstantial case against Mr. King. There were no witnesses who testified that he committed the murder or he did the robbery other than Maria Abreu, who was not a witness to the murder, just to the events that took place in the apartment.
> I'm going to grant your motion for new trial.

The state took a writ to the court of appeal, which reversed the trial court in a split decision. The Fifth Circuit held that the trial court legally erred when it failed to "adequately state whether it made the required threshold finding that the defendant suffered an injustice." *State v. King*, 15-39, p. 2 (La. App. 5 Cir. 5/13/15). The Fifth Circuit also stated that even if the trial court did determine the defendant suffered an injustice, the trial court abused its discretion because the

inconsistencies in Ms. Abreu's testimony were "insignificant and did not bear on the elements of the crimes the State charged the defendant with committing." *Id.* at p. 3.

This court granted the defendant's writ application. *State v. King*, 15-1283 (La. 5/20/16), 191 So.3d 1060.

## LAW AND ANALYSIS

The grounds for a motion for new trial are found in Louisiana Code of Criminal Procedure Article 851[2], which provided at the time the defendant filed his motion:

> The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
>
> The court, on motion of the defendant, shall grant a new trial whenever:
>
> (1) The verdict is contrary to the law and the evidence;
>
> (2) The court's ruling on a written motion, or an objection made during the proceedings, shows prejudicial error;
>
> (3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;
>
> (4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment; or
>
> (5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.

---

[2] The version of Article 851 now in effect differs only in structure and has an additional ground, Subsection (6) concerning human trafficking, upon which a new trial may be granted.

In addition, Louisiana Code of Criminal Procedure article 858, "Review of a ruling on motion for new trial," provides:

> Neither the appellate nor supervisory jurisdiction of the supreme court may be invoked to review the granting or the refusal to grant a new trial, except for error of law.[3]

Article 858 is a "particularized application of the constitutional limitation of the [s]upreme [c]ourt's appellate jurisdiction to questions of law only." *State v. Guillory*, 10-1231, p. 3 (La. 10/8/10), 45 So.3d 612, 614. The constitutional restrictions on the supreme court and the appellate courts in criminal cases to review only questions of law are found in La. Const. Art. V, §§ 5(C) and 10(B) (1974). La. Const. Art. V, § 5(C) provides: "In criminal matters, [the supreme court's] appellate jurisdiction extends only to questions of law." La. Const. Art. V, § 10(B) provides: "In criminal cases [a court of appeal's] appellate jurisdiction extends only to questions of law."

The defendant makes two assignments of error. The first argues that the court of appeal erred in ruling that the trial court failed to adequately articulate its reasons for granting a new trial. More specifically, the defendant argues that the court of appeal improperly required the trial court "to adequately state whether it made the required threshold finding that the defendant suffered an injustice." *King*, 15-39, p. 2.

The defendant argues there is no requirement that a trial court make a specific threshold finding that an injustice has been done to the defendant when ruling on a motion for new trial grounded on Article 851(1). We note that while there may be some debate about whether a trial court is required to make a "finding" of injustice in all motions for new trial, in the instant case the new trial was granted pursuant to Article 851(1), thus the issue of what Article 851 requires

---

[3] Article 858 is also applicable to the courts of appeal. *See* La. Const. Art. V, § 10(A); *State v. Korman*, 439 So.2d 1099, 1100 (La. App. 1 Cir. 1983).

as to other grounds is not before the court. It appears the showing of injustice, which Article 851 itself characterizes as a "supposition," is best understood as an implicit finding a trial judge must make to reach his otherwise supported decision to set aside a verdict and grant a new trial.

The court of appeal and the state cite a number of cases for the proposition that there must be a threshold determination by the trial court that the defendant suffered an injustice in order to warrant a reversal of a jury verdict. Neither the court of appeal nor the state has cited any cases requiring a separate finding of injustice in a motion for new trial granted pursuant to Article 851(1), which typically involves factual findings made by the trial court that the appellate courts are prohibited from reviewing.[4] Moreover, cases involving other grounds for a new trial that are reviewable because they present questions of law do not treat Article 851's "supposition of injustice" language as a requirement for a separate finding of injustice subject to review.

For example, the court of appeal relies on *State v. Raines* to support its contention there is a threshold requirement of whether the defendant suffered an injustice. 00-1941 (La. App. 5 Cir. 5/30/01), 788 So.2d 635, 642, *writ denied*, 01-1906 (La. 5/10/02), 815 So.2d 833. Setting aside the fact that the defendant's motion for new trial was grounded upon Article 851(3) (newly discovered

---

[4] The court of appeal cites *State v. Jones*, 12-750 (La. App. 5 Cir. 5/16/13), 119 So.3d 250, which involved an Article 851(1) motion for new trial, for the proposition that a "motion for new trial is based on the supposition the defendant suffered an injustice, and unless this injustice is demonstrated, the motion for new trial must be denied." *King*, 15-39, p. 2. The *Jones* court reviewed a trial court's *denial* of a post-verdict judgment of acquittal and motion for new trial based on the verdict being contrary to the law and the evidence. *Jones*, 119 So.3d at 255-57. The court of appeal affirmed, reasoning that there was no abuse of discretion as the evidence presented at trial was sufficient under *Jackson v. Virginia*, 443 U.S. 307 (1979). *Jones*, 119 So.3d at 257.

The *Jones* decision is problematic in two respects. The decision and reasoning in *Jones* conflicts with this court's statements in *Guillory*, discussed *infra*, regarding the unreviewability of an Article 851(1) ruling, and we note that Jones did not seek review with this court. The *Jones* court further conflated the trial judge's role in assessing facts and weighing evidence as a thirteenth juror under Article 851(1) with the legal question of the sufficiency of the evidence under an Article 821 motion for post-verdict acquittal. (For a discussion on the thirteenth juror function, *see State v. McKinnies*, 13-1412, p. 10 (La. 10/15/14), 171 So.3d 861, 869-70.)

evidence), the *Raines* court did not conduct a separate threshold injustice inquiry. Rather, the supreme court affirmed the trial court's denial of the motion for new trial based on the fact that the defendant failed to show that the alleged new evidence was in fact new. *Id.* at 642-43.

The state in its brief cites several cases involving motions for new trial based on grounds other than that the verdict was contrary to the law and evidence pursuant to Article 851(1), which likewise do not support a threshold injustice to the defendant requirement. For example, in *State v. Cox*, a case decided just after *Guillory*, this court found that the trial court abused its discretion when it granted a new trial pursuant to Article 851(5), holding that the fact that the witness protection law at issue[5] worked as intended to allow a five-year-old rape victim from not giving testimony in open court, did not show that "an injustice had been done" nor indicate the ends of justice warranted a new trial. 10-2072, p. 2 (La. 11/19/10), 48 So.3d 275. The *Cox* decision does not mention a threshold finding of injustice. Rather, this court determined that the trial court made a legal error, which is reviewable, in interpreting the statute.

The state also cites for support *State v. Miller*, 05-1111, pp. 2-4 (La. 3/10/06), 923 So.2d 625, 626-27, which was decided before *Guillory* and involved the grant of a new trial under Article 851(3) and (5) that was reversed by the court of appeal. In holding that the court of appeal overstepped, this court stated, "[e]ven assuming, *arguendo*, that . . . in all circumstances a trial court's ruling whether to grant or deny a motion for a new trial 'on the supposition that injustice has been done the defendant,' . . . is subject to review under an abuse of discretion standard, we agree with the dissenting view of Judge Daley that the trial judge in the present

---

[5] This is a specialized statute found in La. R.S. 15:283 that allows a protected person to testify over closed-circuit television if the protected person would be likely to suffer serious emotional distress if forced to give testimony in open court and could not otherwise reasonably communicate his or her testimony to the court or jury. A protected person is a victim or a witness in a criminal prosecution who is under seventeen years old or who has a statutorily-defined developmental disability.

case did not misuse her authority by granting the motion to serve the ends of justice, although, in the opinion of an appellate court, defendant was not entitled to that result as a matter of legal right." *Miller*, 05-1111, p. 2, 923 So.2d at 626. While the state suggests that *Miller*, through its qualified language ("*arguendo*"), requires that a trial court make a reviewable legal finding that an injustice has been done, this case rather recognized a trial court's authority to assess whether the alleged injustice warranted a new trial under Article 851(5), given that the trial judge sits in a unique position to "get the feel of the case" by observing the witnesses firsthand as they testify. *Id.* at 626.

Lastly, the state points to *State v. Gilmore*, 13-1559 (La. 8/22/13), 127 So.3d 907, where this court held that the trial court abused its discretion in granting a new trial pursuant to Article 851(2), a ground that presents a question of law for review, and where this court said "[w]e agree . . . that none of the trial court's stated reasons show that injustice has been done the defendant." However, this court went on to state that none of the five incidents complained of in the motion for new trial were grounds for granting a new trial. *Id.* Thus, this court's basis for reversing the trial court in *Gilmore* was that none of the incidents rose to the level of prejudicial legal error.

In sum, none of the cases cited by the state treat the showing of "injustice to the defendant" in Article 851 as a separate requirement for trial courts deciding a motion for new trial.

Nevertheless, the state argues that, if the jurisprudence does not already, it should be changed to require a court granting a new trial to specifically find an injustice was done in each case, including under Article 851(1). The state posits that such a finding would be legal in nature and therefore reviewable. As a practical matter, however, it is unclear how interpreting Article 851 as imposing such a threshold requirement would make an Article 851(1) ruling reviewable in

8

practice, given the inherently factual nature of the assessment in an Article 851(1) ruling. Such a requirement would appear to essentially do no more than force a trial judge to make redundant findings; i.e., in the rare instance in which the judge finds a new trial warranted, the judge must not only explain why with detailed reasons satisfying the enumerated Article 851 ground but must also declare that the defendant suffered "an injustice." On balance, it appears the state seeks to add a new facet to the jurisprudence simply to make unfavorable Article 851(1) rulings, which already appear to be a rarity, reviewable.

Clearly the Code requires a *showing* that an injustice has been done. When a trial court grants a new trial, it has necessarily determined that an injustice has occurred. Because review is of matters of law only, this determination may be reversed only if there are no facts to support it, or if the trial court abused its discretion concerning a question of law in reaching its determination to grant the new trial. If a trial court grants a motion for a new trial, and there are no facts to support that decision, or if the trial court commits legal error in doing so, then no injustice has occurred, and the motion for a new trial must be denied, no matter upon what allegations it is grounded.

As to the second assignment of error, the defendant argues that the court of appeal erred in reviewing findings of fact in order to reverse the trial court's grant of a new trial. Specifically, the appellate court stated, "[w]hile Ms. Abreu's trial testimony varied from some prior statements, the inconsistencies were *insignificant* and did not bear on the elements of the crimes the State charged defendant with committing." *King*, 15-39, p. 3 (emphasis added). The defendant urges that the majority's finding that the inconsistencies in Ms. Abreau's statements were "insignificant" was inappropriate.

The defendant urges that the Fifth Circuit majority misapplied *Guillory*, which stands, not for the proposition that a trial court must in every instance

9

"adequately articulate" its reasons for granting a new trial (including a specific finding that injustice was done), but rather for the proposition that a ruling on an Article 851(5) motion for new trial is reviewable because it can be assessed for legal error, while an Article 851(1) ruling is not generally reviewable because it involves a purely factual question squarely within the purview of the trial court.

The Louisiana Constitution does not permit fact-finding and credibility assessments by an appellate court in a criminal case. *See* La. Const. art. V, § 10(B) ("In criminal cases [] appellate jurisdiction extends only to questions of law."); La. Code Criminal Proc. art. 858. Under Article 858, a ruling granting a new trial is subject to review only to the extent that it involves determinations of law. Such legal determinations are reviewed under an abuse of discretion standard. *Guillory*, 45 So.3d at 615. Motions for new trial granted under Article 851(1), where the verdict is contrary to the law and the evidence, present nothing for an appellate court to review because the trial court's determination is inherently fact driven. *Id.*

In *Guillory*, this court abrogated the law in place at the time, which had provided that an Article 851(5) motion for new trial ruling was not subject to review, and announced that an Article 851(5) order for a new trial to serve "the ends of justice . . . although the defendant may not be entitled to a new trial as a matter of strict legal right" was reviewable for an abuse of discretion because it presents a legal question. *Guillory*, p.6, 45 So.3d 616. While an Article 851(1) motion for new trial was not at issue in *Guillory*, this court noted, "[w]hen a new trial is granted pursuant to La.Code Crim. Proc. art. 851(1) because the trial judge finds the verdict to be contrary to the evidence, i.e., there is reasonable doubt as to the guilt of the defendant, that is unreviewable because the [s]upreme [c]ourt may not review facts in a criminal case." *Id.* at 614-15. The appellate majority in this case did not address *Guillory*'s statement expressly distinguishing Article 851(1) rulings from other grounds for new trial and, as the defendant and Judge Johnson's

10

dissent have urged, the appellate majority erred to the extent it ignored this aspect of the law. *See State v. Skelton*, 340 So.2d 256, 259 (La. 1976) ("'[W]e have uniformly held that a bill of exception reserved to the refusal of the trial judge to grant a motion for a new trial based on Article 851(1), relative to sufficiency of the evidence presents nothing for our review.'") (quoting *State v. Plummer*, 281 So.2d 716 (La. 1973)); *State v. White*, 21 So.2d 877, 878 (1945) ("The granting of a new trial on [grounds that the verdict is contrary to the law and evidence] does not present any question of law."); *see also State v. Mallette*, 15-0039, p. 2 (La. 4/2/15), 164 So.3d 814, 815 (Crichton, J., concurring: "If the [new trial] was granted under [Article] 851(1), it is not reviewable because the supreme court cannot review facts in a criminal case; on the other hand, if the motion was granted under [Article] 851(5), the supreme court is allowed to review it as a question of law.").

Essentially conceding current law, the state argues that the law should be changed to allow review of Article 851(1) rulings. It argues that Article 851(1) is effectively an "enumeration" of Article 851(5), which may be reviewed generally, in that both share in common the thirteenth juror standard. *See State v. McKinnies*, 13-1412, p. 10 (La. 10/15/14), 171 So.3d 861, 869-70 (trial judge's duty in evaluating a motion under Article 851(1) and Article 851(5) is "to put itself in the position of a juror. We have held '[i]t is appropriate for the trial court to act as a juror for other grounds related to a motion for new trial . . . such as a verdict being contrary to the law and the evidence or the court being of the opinion that the ends of justice would best be served by granting a new trial.'"). In asking for substantial changes to the jurisprudence to enable the review of Article 851(1) rulings, the state invites the kind of independent fact-finding by appellate courts that appear to be in violation of the state constitution.

The state urges that it is difficult to ascertain how frequently trial courts exercise their authority as a thirteenth juror to set aside verdicts they find contrary to the law and evidence because it is unclear how often such rulings are made but not appealed. Further, the state's warning that the current interpretation of Article 851(1) could enable rogue judges, who seek only to prevent a conviction and thereby may operate as an insurmountable barrier for the prosecution, appears unfounded as yet, despite the long existence of this authority. Grants of new trials under Article 851(1) have occurred so infrequently over the past 80 years since the adoption of the rule[6] that the prospect of a trial court stonewalling the state and wasting judicial resources in repeatedly retrying a case appears far too remote to justify any intervention into the current state of the jurisprudence or the legislative prerogative.

Finally, the state asks the court to upset the longstanding jurisprudence concerning the reviewability of Article 851(1) and also craft a *per se* rule that a trial court cannot grant a new trial under Article 851(1) based purely on its rejection of a sole witness's testimony. However, doing so would radically restructure a system that has been in place for nearly a century and, perhaps more importantly, risk violating the constitutional prohibition on appellate court fact-finding in criminal matters. Without doubt, Article 851(1) accords Louisiana trial judges immense power to set aside a jury verdict by acting as a thirteenth juror. *See State v. Hampton*, 98-0331 (La. 4/25/99), 750 So.2d 867, 879-80; *State v. Snyder*, 98-1078 (La. 4/14/99), 750 So.2d 832, 859, n.21, *rev'd on other grounds*, *Snyder v. Louisiana*, 552 U.S. 472 (2008). However, the state shows no reason why this power should be eliminated by the judiciary when the Legislature has not opted to do so.

---

[6] *See* La. Code Crim. Proc. art. 509(1) (1928).

A holding that the trial court's decision is unreviewable respects the constitutional admonition that appellate courts cannot review facts in criminal matters. *See* La. Const. Art. V, §§ 5(C) and 10(B). However, if there is demonstrative, patent abuse of the legal system or the process, nothing prevents an appellate court from discharging its review obligations merely because of a talismanic recital of Article 851(1).

In the case at bar, the trial court's reasons are sparse, but there is no conclusion reasonably possible but that the trial court found that an injustice had been done to the defendant. The inconsistencies in the testimony cited are not "insignificant," as characterized by the court of appeal. Because there was no witness to the murder, key was the testimony that the defendants were seen driving away with the victim seated between them in the victim's car. However, this testimony was contradicted by defense testimony that it would have been physically impossible to have seen these events as described by the witness from her given vantage point. These factual matters may not be reviewed by the court of appeal or the supreme court.

## CONCLUSION

When a motion for a new trial is granted pursuant to Louisiana Code of Criminal Procedure article 851(1), there is no threshold requirement that the trial court make a finding that an injustice has been done to the defendant that is reviewable as a matter of law. Nor may the court of appeal or the supreme court review the findings of fact of the trial court in granting such a motion based on the constitutional prohibition of the appellate courts reviewing factual findings in a criminal case.

13

**DECREE**

For the reasons given, the judgment of the appellate court is reversed, and the trial court judgment, granting the defendant's motion for new trial, is reinstated.

**APPELLATE COURT JUDGMENT REVERSED; TRIAL COURT JUDGMENT REINSTATED.**

**SUPREME COURT OF LOUISIANA**

**No. 2015-KP-1283**

**STATE OF LOUISIANA**

**VERSUS**

**CALVIN KING**

**ON APPLICATION FOR WRIT OF CERTIORARI
TO THE COURT OF APPEAL
FIFTH CIRCUIT, PARISH OF JEFFERSON**

**Guidry, J., dissents and assigns reasons.**

I respectfully dissent from the majority opinion today. In my view, the court of appeal majority correctly applied La. Code Crim. Proc. art. 851 to require the trial court to make a determination that an injustice has been done before a motion for new trial should be granted. The language of the statute could not be more clear that "no matter upon what allegations it is grounded," which would include La. Code Crim. Proc. art. 851(1), *unless* it is shown that an injustice has been done to the defendant, a motion for new trial *shall be denied*. La. Code Crim. Proc. art. 851. Because the trial court made no such finding, the court of appeal properly reviewed whether the trial court had legally erred in granting defendant's motion for new trial under La. Code Crim. Proc. art. 851(1). I therefore would affirm the court of appeal's decision to reverse the trial court's grant of the motion for new trial.

# SUPREME COURT OF LOUISIANA

## No. 15-KP-1283

## STATE OF LOUISIANA

## VERSUS

## CALVIN KING

Clark, J., concurs in the result.

I respectfully concur.

**SUPREME COURT OF LOUISIANA**

**No. 2015-KP-1283**

**STATE OF LOUISIANA**

**VERSUS**

**CALVIN KING**

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIFTH CIRCUIT, PARISH OF JEFFERSON**

**CRICHTON, J., concurs with the result.**