809 So.2d 1166 (2002)
STATE of Louisiana
v.
Ila WOMACK-GREY.
No. 99-KA-0416.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 2002.
*1167 Harry F. Connick, District Attorney, Susan Erlanger Talbot, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff/Appellee.
Michael Riehlmann, Whittaker & Riehlmann, New Orleans, LA, Counsel for Defendant/Appellant.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge STEVEN R. PLOTKIN, Judge CHARLES R. JONES.
Judge STEVEN R. PLOTKIN.
On remand from the Louisiana Supreme Court we address the assignments of error that were not discussed in this Court's original opinion. The issues in these assignments concern whether the trial court erred in denying the defendant's request for an instruction related to the definition of accessory after the fact and if the court erred in denying the motion for new trial based on newly discovered evidence.
We adopt the statement of facts in our original opinion. State v. Womack-Grey, 99-0416 (La.App. 4 Cir. 5/17/00) 764 So.2d 108.

ASSIGNMENT ONE
The appellant argues that the trial court erred in denying the defense request that the jury be instructed as to the definition of accessory after the fact. The trial transcript indicates that defense counsel requested that the court read the entire section on parties to a crime, including section 23 "Parties classified," section 24 "Principals" and section 25 "Accessories after the fact." Counsel noted that the court read only section 24, the definition of principals.
The court responded:
Accessories (sic) after the fact is a separate charge. The jury is not being asked to consider whether or not she is an accessory after the fact or not. They are simply asked to consider whether or not she committed second degree murder, manslaughter, or not guilty. I did not find that reading of accessory after the fact and that explanation to the jury that a finding of accessory after the fact would necessitate a not guilty finding. I did not believe that to be appropriate. That's my reason for not giving it.
The record does not contain the jury instructions. However, counsel did not object *1168 at trial, nor does counsel now complain that the court failed to instruct the jury as to the crime charged, the responsive verdicts, and the elements required to prove each of those verdicts. Considering the trial court's response, one may conclude that the jury was also advised that a failure to prove the elements of either second-degree murder or manslaughter necessitated a finding of not guilty. Accordingly, because the appellant was not charged as an accessory after the fact, there was no error in the trial court's failure to instruct the jury relative to this separate offense.

ASSIGNMENT TWO
The appellant also argues that the trial court erred in denying her motion for new trial based on newly discovered evidence. La.C.Cr.P. art. 851, in pertinent part, provides:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
. . .
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty ...
Thus, in order to obtain a new trial based on newly discovered evidence, the defendant has the burden of showing (1) the new evidence was discovered after trial, (2) the failure to discover the evidence prior to trial was not caused by a lack of diligence, (3) the evidence is material to the issues at trial, and (4) the evidence is of such a nature that it would probably have produced a different verdict. State v. Hammons, 597 So.2d 990, 994 (La.1992); State v. Prudholm, 446 So.2d 729, 735 (La.1984). The trial judge's application of these precepts to newly discovered evidence, although a question of law, is entitled to great weight, and should not be disturbed on review if reasonable persons could differ as to the propriety of the trial court's action. Id. at 735.
In the instant case, Krissandra Jenkins testified that she was babysitting Thayne Womack for Jack Elder and Michelle Reyes after the appellant's arrest. She further testified that Thayne told her that his mother and the babysitter were arguing excitably when the other man jumped in and pushed his mother away. According to Ms. Jenkins, Thayne told her that his mother screamed "Stop, stop," and told Thayne to go into his room. Ms. Jenkins testified that Thayne did not say anything about a knife. In addition, she admitted that Thayne could not have seen any participation by his mother after he went to his room. Ms. Jenkins testified that she came forward after reading about the trial in the paper, and concern for Thayne's wellbeing.
Camp Morrison testified relative to extensive investigation he did on the case prior to trial, to show that the defense used due diligence prior to trial but was, nevertheless, unable to find Ms. Jenkins. Ms. Jenkins's mother confirmed that her daughter decided to come forward after reading an account of the trial in the newspaper.
Ms. Jenkins did not come forward until she learned that Thayne was in the custody of his father. Her testimony was inconsistent with the fact that a knife was found under the house. Ms. Jenkins admitted that Thayne could not see what happened in the living room after he was sent to his room. Even assuming that *1169 Thayne told Ms. Jenkins that his mother did not kill the victim, Dr. Turgeon testified at trial that it is not unusual for a child to deny that a parent has done something wrong. Considering the above facts, the trial court did not abuse its great discretion in denying the motion for new trial.

CONCLUSION
For the foregoing reasons, we find that the trial court did not err in failing to instruct the jury on accessory after the fact. Further, the trial judge correctly denied the motion for new trial.
Thus the defendant's conviction and sentence are affirmed.
AFFIRMED.