CHARLES R. JONES, Chief Judge.
|, Kevin W. Taylor appeals his conviction and sentence after having been found guilty of possessing cocaine and being adjudicated a four-time multiple offender. Finding that the district court erred in denying the Motion for New Trial of Taylor, we reverse the judgment of the district court denying the motion, and remand this matter to the district court for a new hearing on the Motion for New Trial. In all other respects, the judgment of the district court is affirmed.
The State charged Taylor with possession of cocaine on November 17, 2009, a violation of La. R.S. 40:967(0(2). He was arraigned and pled not guilty in May 2010. At a motions hearing, the district court granted a motion to suppress evidence, and found no probable cause for continued detention. The State noted its intent to seek a writ application, and was granted a stay. The district court did not release Taylor pending our consideration of the writ application. On review, this Court reversed, holding that the district court erred by omitting hearsay evidence at a pretrial motion to suppress hearing. State v. Taylor, 10-1224 (La.App. 4 Cir. 9/30/10), unpublished.
A jury trial resulted in a guilty verdict. Immediately prior to trial, the district court granted the State’s Motion in Limine to Exclude Questions and Extrinsic 12Evidence Pertaining to Witnesses’ Acts, Vices, or Courses of Conduct Which Have Not Resulted in Criminal Convictions. Taylor was originally sentenced to four years at hard labor; however, the State chose to charge him as a multiple offender. At a multiple offender hearing, Taylor was *682 found to be a four-time felony offender and was sentenced to twenty years with credit for time served, to be served concurrently with any other sentences.
On the same day as his sentencing, Taylor filed a Motion for New Trial for Newly Discovered Evidence to which an affidavit by Taylor himself was attached. The district court summarily denied the motion, noting there was an adequate remedy on appeal.
At the August 13, 2010 hearing, Officer Joshua Hunt testified that at approximately 7:00 p.m. on November 17, 2009, he and his partner, Officer Sean West, pulled Taylor’s vehicle over for not having a light illuminating his license plate. Officer Hunt testified that as the officers approached the vehicle, he saw Taylor reaching towards the rear portion of the passenger seat, and ordered Taylor to exit the car out of fear that Taylor had a weapon. Officer Hunt further testified that after Taylor exited the vehicle, Officer West stated that he saw a clear plastic bag containing a light colored powdery substance believed to be cocaine. Upon being informed by Officer West of the suspected cocaine, Officer Hunt placed Taylor under arrest. A subsequent field test of the substance was positive for cocaine.
On cross examination, Officer Hunt did not recall if there were any passengers in the back seat. He agreed that Officer West informed him of seeing contraband in the car. Officer Hunt denied seeing the contraband. He also denied illuminating the area that Taylor was reaching toward, explaining that he ordered |sTaylor out of the car. He responded negatively when asked if there was anything protruding from a map compartment. He also answered negatively when asked, “[t]o the best of your recollection, did former Officer West show you where he retrieved the contraband or alleged contraband?” However, Officer Hunt also testified that it was not safe to say that the drugs were not in plain view from his perspective. However, he also answered, “No[,]” when asked if he saw any other drugs in plain view. Finally, Officer Hunt was asked, “[s]o any evidence received pertaining to the contraband — the alleged contraband that was seen and handled solely by Officer West; is that correct?” He testified, “[t]hat is correct.”
At the beginning of trial, the parties stipulated that the substance seized in the matter weighed 7.34 grams, and was cocaine. Officer Hunt testified that he was on patrol with his partner, Officer West, on the evening of November 17, 2009. They conducted a traffic stop of Taylor because he did not have a light illuminating his license plate, which is required at that time of day. Once Taylor stopped, they shone a spotlight on his car. The spotlight, the overhead lights, and the two white lights in the LED bar provided ample lighting to see into Taylor’s car. Officers Hunt and West exited their vehicle and walked toward Taylor’s car briskly. As they approached, Officer Hunt saw Taylor reach toward the right side of the rear of the passenger seat, toward a map compartment, situated on the back of the passenger seat. Both officers were shining flashlights into the car. Upon seeing Taylor reaching, Officer Hunt asked him to exit the car, fearing that he may have a weapon.
According to Officer Hunt’s trial testimony, once Taylor was out of the vehicle, he observed Officer West retrieve a large plastic bag containing a white |4powdery substance from the map compartment. He recognized the substance as cocaine.
On cross examination, Officer Hunt was asked about differences between his motions hearing testimony and his trial testimony. When asked about his motions *683 hearing testimony that Officer West did not show him whence he retrieved the cocaine, Officer Hunt testified, “He did not show me. I observed where he retrieved the contraband from.” As to his positive response to the question, “[s]o any evidence received pertaining to the contraband — the alleged contraband that was seen and handled solely by Officer West; is that correct?” Officer Hunt provided the following explanation:
Did he solely and did he — was the evidence seen and solely handled by him? If he handled it, then, yes; it was seen by him. Does that mean I didn’t see him retrieve it? Absolutely not.
Officer Hunt continued:
... I reiterate, what I just stated; was that he — I saw him retrieve it. You asked me was it solely seen and handled by him. If he solely — if he handled it, he retrieved it. I didn’t retrieve it. We were in the same place and the same time frame. If you’re asking me did I— did he solely see and retrieve it, yes. Are you asking me did I see him retrieve it? Then, yes.
Officer Hunt also testified on cross examination that the presence of a lady in court at trial reminded him that she had been in the rear passenger seat at the time of the incident. She exited the car and, when asked, denied knowing of or owning the contraband. Officer Hunt guessed, but was not certain that the lady was out of the car when Officer West removed the contraband from the map compartment. He explained, erroneously, that the incident occurred in 2007.[1]
|sThe record on appeal reveals no errors patent.
Taylor timely filed the instant appeal and raises two assignments of error:
1) There is insufficient evidence to prove multiple ■ offender status; and
2) The district court erred in denying a Motion for New Trial because:
a) the sole witness’s testimony was all hearsay,
b) the sole witness’s testimony was perjury, because it was different from his testimony during the motions hearing,
c) an arresting officer’s trial testimony differed from his motion hearing testimony, constituting perjury, and a Brady violation, and
d) the State did not reveal that a testifying officer was under investigation for perjury, lying, and malfeasance in office at the time of trial, and that he subsequently pled guilty to perjury and malfeasance in exchange for dismissal of other charges.
In his first assignment of error, Taylor argues that the evidence supporting his multiple offender conviction is insufficient because: 1) not all of the documents introduced were authenticated; 2) the evidence did not show the guilty plea in case No. 96-4042 was made voluntarily; 3) the evidence supporting a 1997 conviction is insufficient, and leaves more than ten years between the most recent conviction and the instant conviction; and 4) he was denied the right to a jury trial in multiple offender proceedings. We find that none of these arguments have merit.
La. R.S. 15:529.1(D)(l)(b), entitled Sentences for second and subsequent offenses; certificate of warden or cleric of court in the state of Louisiana as evidence provides:
| (¿Except as otherwise provided in this Subsection, the district attorney shall *684 have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. If the person claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction alleged in the information was obtained in violation of the constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
Accordingly, Louisiana jurisprudence has recognized that where an issue is not presented in writing or orally during multiple offender proceedings, it cannot be raised on appeal. State v. Landfair, 10-1698, pp. 6-7 (La.App. 4 Cir. 7/20/11), 70 So.3d 1061, 1066 (motion to quash multiple offender bill of information for using previous convictions entered on the same date failed to preserve arguments that the State failed to prove his identity and the validity of prior guilty pleas). See also State v. Moore, 10-0314, p. 10 (La.App. 4 Cir. 10/13/10), 57 So.3d 1033, 1040 (Oral objection to identity did not preserve issue of cleansing period for review). The instant record shows no written or oral objections were made at any point during multiple offender proceedings. Thus, none of Taylor’s arguments concerning his multiple offender adjudication has been preserved for appeal, and they are barred from review by this Court.
Substantively, Taylor’s arguments focus on his 1997 conviction in case No. 96-4042. When “a prior conviction resulted from a guilty plea, the State must show that the defendant was advised of his constitutional rights and that he knowingly waived those rights prior to a guilty plea, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).” State v. Lomax, 11-0591, p. 6 (La.App. 4 Cir. 11/28/11), 81 So.3d 788, 792. If the defendant denies the allegations of the multiple offender bill of information, the State has the burden of proving the existence of the prior guilty pleas, and that the defendant was represented by counsel. Id.
The record contains a copy of the bill of information filed in Plaquemines Parish, Louisiana on August 27, 1996, charging Taylor with armed robbery in case No. 96-4042. Both he and his attorney signed an Advice to and Acknowledgment by Defendant of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty on January 7, 1997. Furthermore, at the multiple offender hearing, State’s Exhibit four was a “certified pack from the Parish of Plaquemines.”[2] This record shows that the State proved Taylor was represented by counsel and that he knowingly and intelligently waived his rights when he pled guilty in case No. 96-4204. Therefore, Taylor’s attack on his 1997 conviction has no substantive merit. Moreover, Officer Pollard’s testimony identifying Exhibit four as a “certified pack” indicates that the exhibit was certified.[3] As such, Taylor’s argument that the *685 invalidity of the 1997 conviction leaves over ten years between his last conviction and the instant one also fails.
Taylor provides no substantive argument attacking any other prior convictions. Accordingly, even had Taylor preserved any of his arguments for review, they have no substantive merit as presented. Finally, Taylor’s brief argument that he had a right to a jury trial during multiple offender proceedings |shas been rejected countless times by this Court. It is well settled that there is no right to a jury trial during multiple offender proceedings. See State v. Vincent, 10-0764, p. 10 (La. App. 4 Cir. 1/19/11), 56 So.3d 408, 415.
In his second assignment of error, Taylor argues the district court erred in denying his Motion for New Trial. The motion presented to the district court was based upon alleged newly discovered evidence. The only evidence alluded to, however, was Taylor’s own affidavit, wherein he swore that Officer Hunt and he would establish that the Orleans Parish District Attorney had filed a bill of information alleging that Officer Hunt had committed perjury while testifying as a witness in court. The affidavit did not specify any other facts.[4]
In his brief, Taylor also argues the following: a) his conviction is based upon hearsay testimony; b) the conviction was obtained with perjured testimony; and c) the State failed to disclose a plea deal with Officer Hunt. These assertions were not presented in Taylor’s Motion for New Trial, and, as presented to this Court, cannot provide a basis for relief in this appeal.
The first argument Taylor raises about the denial of his Motion for New Trial is that his conviction was obtained by Officer Hunt’s alleged hearsay testimony. Taylor further argues that the State’s knowing and intentional use of hearsay testimony disguised as direct evidence denied him a right to confrontation and a fair trial. However, Taylor fails to point to any overruled objections to 19admitted hearsay evidence. See State v. Dangerfield, 00-2359, p. 18 (La.App. 4 Cir. 4/3/02), 816 So.2d 885, 889, citing La. C.Cr.P. art. 841 (failure to contemporaneously object to the admission of hearsay evidence waives appeal of the admission of the complained of evidence). Therefore, this argument merits no relief.
Taylor’s second argument is that Officer Hunt committed perjury because his trial testimony differed from his testimony during the motions hearing. Specifically, Taylor points to Officer Hunt’s testimony about whether he saw the contraband in Taylor’s vehicle. Taylor also argues that Officer Hunt lied about why Officer West was unable to testify at trial.[5]
*686 In support, Taylor cites U.S. v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). There, the Court addressed the standard of materiality to be applied in determining whether to reverse a conviction because the prosecution failed to disclose requested impeachment evidence. The analysis begins with the Court’s ruling in Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963), which held that “the suppression by the prosecution of evidence favorable to an accused upon request violates due process [of the Fourteenth Amendment to the U.S. Constitution] where the evidence is material either to guilt or punishment.” Quoted in Bagley, 473 U.S. at 669, 105 S.Ct. at 3377. Brady requires disclosure only of |inevidence that is: 1) favorable to the accused, and 2) material to either guilt or punishment. Id., 473 U.S. at 674, 105 S.Ct. at 3379. Evidence is material where its suppression undermines confidence in the outcome of the trial. Id., 473 U.S. at 678, 105 S.Ct. at 3381. In Bagley, the Court stated:
The evidence is material only if there is a reasonable probability that had the evidence been disclosed to the defense, the result of the proceeding would have been different. A “reasonable probability” is a probability sufficient to undermine confidence in the outcome.
473 U.S. at 682, 105 S.Ct. at 3383. Perjured testimony known to the prosecution is material unless failure to disclose would be harmless beyond a reasonable doubt. Id., 473 U.S. at 680,105 S.Ct. at 3382. See also Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959) (Prosecutors failure to knowingly disclose false testimony leading to a conviction violates due process).
As to the differences in Officer Hunt’s motions hearing and trial testimony, these differences were known to Taylor, and Taylor’s trial counsel cross examined Officer Hunt on these differences at trial. As to the allegation that Officer Hunt lied about why Officer West could not testify at trial, the record does not substantiate this allegation. Moreover, whether Officer Hunt lied about Officer West being at a child support hearing may be irrelevant and immaterial to Taylor’s trial because it only mildly attacks Officer Hunt’s credibility. As such, it is questionable whether such a fact is material in this case. Materiality need not be established within this appeal, however, since the alleged lie is not an established fact in this direct appeal. Thus, we find that this argument has no merit and warrants no relief.
Taylor further argues the State failed to turn over evidence that could be uséd to impeach Officer Hunt’s credibility. In support, he points to brief |n appendices that were never presented to the district court. These appendices are the sole allegedly suppressed evidence, and are not properly part of the record before this Court. See State v. Marley, 06-0317, p. 5, n. 3 (La.App. 4 Cir. 11/8/06), 945 So.2d 808, 812 (Evidence not presented to the district court cannot be considered by this court on review). Therefore, Taylor’s allegation that the State failed to turn over evidence concerning Officer Hunt’s alleged illegal activity in another case is not substantiated by the record presently before this *687 court. Therefore, no relief may be granted based upon this argument at this time.
Lastly, we address the district court’s rationale for denying Taylor’s Motion for New Trial. The basis of the district court’s summary dismissal of the motion was its conclusion that there was an adequate remedy on appeal. However, we find that this conclusion was erroneous.
In State v. Jones, 00-1942, pp. 7-8 (La.App. 4 Cir. 7/25/01), 792 So.2d 117, 122-23, this Court stated the law on motions for new trial based on newly discovered evidence as follows:
La.C.Cr.P. art. 851 provides that a new trial shall be granted on motion of the defendant whenever, among other reasons:
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty; ....
In order to obtain a new trial based on newly discovered evidence, the defendant must show that: (1) the new evidence was discovered after trial; (2) the failure to discover the evidence at the time of trial was not due to the defendant’s lack of diligence; (8) the evidence is material to the issues at trial; and (4) the evidence is of such a nature that it would probably have 112changed the verdict of guilty. State v. Bright, 98-0398,[sic] (La.4/11/00), 776 So.2d 1134. In ruling on the motion, the district court must ascertain whether new material fit for a new jury’s consideration is present, not weigh the evidence as though it were a jury determining guilt or innocence. State v. Cavalier, 96-3052, p. 3 (La.10/31/97), 701 So.2d 949, 951. Nevertheless, the court must determine whether the evidence presented at trial appears strong enough to support a conclusion that the newly discovered evidence probably would not have changed the verdict, considering any newly discovered evidence that would be presented at trial. Id., 96-3052 at pp. 4-5, 701 So.2d at 952. A district court assessing the legal merits of a Motion for New Trial is given considerable latitude in evaluating the reliability of the evidence and its impact on the verdict. State v. Brooks, 98-0693, p. 12 (La.App. 4 Cir. 7/21/99), 758 So.2d 814, 820, writ denied, 99-2519 (La.2/25/00), 755 So.2d 247. The district court has much discretion in ruling on a Motion for New Trial. State v. Cureaux, 98-0097, p. 4 (La.App. 4 Cir. 5/26/99), 736 So.2d 318, 321. Review of the district court’s ruling is limited to determining whether the district court abused its discretion. State v. Labran, 97-2614, p. 6 (La.App. 4 Cir. 5/26/99), 737 So.2d 903, 907, unit denied, 99-1981 (La.1/7/00), 752 So.2d 175.
The district court summarily denied the Motion for New Trial based on a finding that the issues raised in the motion could be addressed on appeal. However, as previously discussed, without a hearing, there is no evidence in the record to substantiate Taylor’s allegations concerning Officer Hunt’s testimony. In State v. Perron, 94-0761 (La.App. 4 Cir. 8/23/95), 660 So.2d 903, this Court remanded and ordered that counsel be appointed for a hearing on a Motion for New Trial. This Court ordered such, “in the interest of justice” where it was alleged that the sole witness,- a police officer, was indicted and had a disciplinary record. In this case, the district court erred as a matter of law. The issue raised in Taylor’s Motion for New Trial cannot be addressed on appeal because there is no record supporting the allegations of Hunt’s alleged perjury, or his alleged indictment. *688 As |1asuch, we find that the matter sub judice is analogous to PeiTon, and we remand this case to the district court for a hearing on Taylor’s Motion for New Trial.[6]

DECREE

For the foregoing reasons, the judgment of the district court denying the Motion for New Trial of Kevin W. Taylor is reversed, and we remand this matter to the district court for a new hearing on the Motion for New Trial. In all other respects, the judgment of the district court is affirmed.
AFFIRMED IN PART, AND REVERSED AND REMANDED IN PART

. The bill of information reflects that the offense occurred on November 17, 2009.

. The State's witness, Officer Joseph Pollard, referred to case No. "934042 F." Presumably, he intended to refer to case No. 96-4042, as the date of guilty plea or conviction is January 7, 1997, the date Taylor pled guilty in case No. 96-4042.

. There was no contemporaneous objection to admitting Exhibit four or any other evidence *685 at the multiple offender hearing.

. Taylor attached to his brief a copy of a July 29, 2011 Nola.com article indicating Officer Hunt and another officer were under investigation for allegedly lying about a January, 2011 drug arrest. A March 31, 2012 printout of the Orleans Parish Criminal District Court Docket Master from the Orleans Parish Criminal Sheriff’s website indicates that on June 27, 2011, a bill of information was filed and that Joshua Hunt was charged with violating La. R.S. 14:123 (perjury), La. R.S. 14:126.2 (false statements concerning denial of constitutional rights), La. R.S. 14:133 (filing or maintaining false public records), and La. R.S. 14:134 (malfeasance in office). Neither of these documents appears to have been presented to the district court, and, thus, they are not considered part of the record for purposes of this appeal.

. Taylor emphasizes the failure of Officer West, to testify. In support, he attaches a story printed from Nola.com. A New Orleans Police Department Integrity Bureau complaint accused Officer West of pointing a gun at a restaurant kitchen employee as part of a prank on October 17, 2008; however, this story was not presented to the district court. *686 Therefore, it is not considered as part of the record for our review. Furthermore, Taylor also briefly complains that Officer Hunt presented himself as an expert in narcotics. This argument goes to his qualifications to testify as an expert. As no objection was lodged to this testimony, review of any erroneous admission is waived. Moreover, Officer Hunt merely asserted he had participated in many narcotics arrests. Taylor points to no evidence proving this is an incorrect assertion.

. The State asserts that the Motion for New Trial has no substantive merit because, among other things, Officer Hunt was only recently indicted. However, this argument cannot be addressed because it is based on facts not in the record.