PAUL A. BONIN, Judge.
|)Kevin Taylor previously appealed his conviction and sentence to this Court. See State v. Taylor, 12-0114 (La.App. 4 Cir. 11/28/12), 104 So.3d 679. In a prior opinion, we affirmed Mr. Taylor’s conviction and sentence but reversed the trial judge’s ruling which summarily denied his motion for new trial. See id., 12-0114, p. 13, 104 So.3d at 688. Because the record was devoid of evidence with which to review the trial judge’s ruling on Mr. Taylor’s motion for new trial, we remanded the matter to the district court for an eviden-tiary hearing. See id., 12-0114, pp. 12-13, 104 So.3d at 687-688.
On remand, Mr. Taylor introduced, without objection, unauthenticated copies of two news articles, which were attached to his memorandum in support of the motion, to substantiate his allegations. No testimony or other evidence was elicited or introduced during the evidentiary hearing. The trial judge again denied his motion for new trial; Mr. Taylor again appealed to us. Because the trial judge Rclearly articulated her findings on the record, we hold that the trial judge did not abuse her discretion in denying this motion and, accordingly, affirm her ruling.
I
A
We begin by describing the proceedings which resulted in our opinion on Mr. Taylor’s earlier appeal.
Following his conviction for possession of cocaine and his adjudication as a fourth felony offender, but before his sentencing, Mr. Taylor timely filed his Motion for New Trial for Newly Discovered Evidence. See La.C.Cr.P. art. 853. Mr. Taylor attached his own affidavit in support of the motion. See La.C.Cr.P. art. 854. In his affidavit, Mr. Taylor claimed that evidence regarding the credibility of Officer Joshua Hunt, an arresting officer in this case, was newly-discovered and swore that his own testimony and that of Officer Hunt could establish that the district attorney had filed a bill of information alleging that Officer Hunt committed perjury while testifying as a witness for the prosecution in another case. See id. No other grounds were urged by him nor did he request to supplement his motion. See La.C.Cr.P. art. 856. Mr. Taylor contended that if this evidence were introduced at trial, the guilty verdict rendered by the jury would likely have been different. See La.C.Cr.P. art. 851(3). The trial court summarily denied this motion without holding an evidentiary hearing; Mr. Taylor timely appealed this judgment.
In his briefing for that earlier appeal, Mr. Taylor expanded the scope of his assertions, arguing that the trial judge erred in denying his motion for three reasons |anot raised in his motion: (1) his conviction was based upon the hearsay testimony of Officer Hunt, (2) his conviction was obtained with Officer Hunt’s perjured testimony, and (3) the prosecution failed to disclose impeachment evidence that Officer Hunt was under investigation for lying on a police report in regards to his whereabouts during a January, 2011 drug arrest. See Taylor, 12-0114, p. 8, 104 So.3d at 685.
In reviewing Mr. Taylor’s assertions, we first held that his appeal regarding the admission of hearsay evidence was waived because his briefing failed to identify any overruled objections by defense counsel to the admission of hearsay testimony or evidence. See id., 12-0114, pp. 8-9,104 So.3d at 685.
*1252 We next addressed his second claim that the district attorney violated his due process rights under the Fourteenth Amendment by failing to disclose material impeachment evidence that Officer Hunt had committed perjury during the trial. See id., 12-0114, pp. 9-10, 104 So.3d at 685-686. Mr. Taylor specifically identified two instances of alleged perjured testimony: first, the discrepancy in Officer Hunt’s testimony at a motions hearing and later at trial as to whether he viewed contraband in Mr. Taylor’s vehicle and, second, Officer Hunt’s testimony at trial discussing the unavailability of Officer Sean West, his partner, to testify at the time of trial. We held that Mr. Taylor’s contentions about perjury during the trial warranted no relief. See id., 12-0114, p. 10, 104 So.3d at 686. As to the discrepancy in Officer Hunt’s testimony, we found that the differences were known to Mr. Taylor and that his counsel cross-examined Officer Hunt on this Rmatter at trial. Thus, we found that the prosecution did not withhold or suppress this material information from Mr. Taylor such that it would prejudice him and undermine confidence in the outcome of that trial. See id. We also found that the record did not substantiate Mr. Taylor’s allegation that Officer Hunt falsely testified about the reason that Officer West was unavailable to testify. See id. In support of this contention, Mr. Taylor attached an unauthenticated news article, showing that a complaint filed with the New Orleans Police Department Public Integrity Bureau had accused Officer West of pointing a gun at the head of a kitchen employee at a restaurant as part of a prank. Because, however, this article was not presented to the district court, we did not consider it as part of the appeal. See id., 12-0114, p. 9,104 So.3d at 685 n. 5. We further held that whether Officer Hunt lied about Officer West’s whereabouts was likely irrelevant and immaterial to Mr. Taylor’s guilt or innocence at trial and would not sufficiently undermine Officer Hunt’s credibility so as to create a likelihood of a different result at trial. See id., 12-0114, p. 10,104 So.3d at 686.
In addressing Mr. Taylor’s final claim— that the prosecution failed to disclose other impeachment evidence against Officer Hunt — we found the record on appeal to be insufficient to substantiate his allegation. See id., 12-0114, pp. 10-11, 104 So.3d at 686-687. Mr. Taylor attached to his brief a news article, stating that Officer Hunt was under investigation for lying in a police report documenting a January, 2011 drug arrest, resigned in early June, 2011, was charged on June 27, 2011 with multiple offenses stemming from that incident, and pleaded guilty on 1 fiSeptember 23, 2011 to perjury and malfeasance in office in exchange for a suspended sentence, probation, and a fine. Mr. Taylor also attached an Orleans Parish Criminal District Court Docket Master, which indicated that a bill of information was filed on June 27, 2011, charging Officer Hunt with violations of La. R.S. 14:123 (perjury), La. R.S. 14:126.2 (false statements concerning denial of constitutional rights), La. R.S. 14:133 (filing or maintaining false public records), and La. R.S. 14:134 (malfeasance in office). These materials, however, were also not considered on appeal because they were not included in the record from the district court. See Taylor, 12-0114, p. 8,104 So.3d at 685 n. 4. As such, we held that no relief could be granted based upon that argument at that time.
Lastly, returning to the actual motion for new trial filed by Mr. Taylor, we held that the trial judge’s rationale for summarily denying Mr. Taylor’s motion — that *1253 an adequate remedy existed on appeal— was legally erroneous. See id., 12-0114, p. 11, 104 So.3d at 687. We noted that, without a hearing, Mr. Taylor was prevented from fully establishing an evidentiary record to meet his burden of proof and the trial judge could not make a proper determination under Article 851(3). See id., 12-0114, p. 12,104 So.3d at 687. Although we affirmed Mr. Taylor’s conviction and sentence, relying upon our earlier decision in State v. Perron,[1] we remanded the matter for an evidentiary hearing because the issue raised in [Mr.] Taylor’s Motion for New Trial cannot be addressed on appeal because there is no | ^record supporting the allegations of [Officer] Hunt’s alleged perjury ... or his alleged indictment. See Taylor, 12-0114, p. 12, 104 So.3d at 687.
B
On remand, Mr. Taylor submitted a memorandum in support of his motion for new trial to the district court but chose to only attach unauthenticated copies of the same two news articles that he originally submitted with his briefing in his initial appeal to us. This time, however, he did introduce, without objection, those articles into evidence. At the evidentiary hearing, Mr. Taylor neither called any witnesses to testify nor submitted any additional materials into evidence. The trial judge again denied Mr. Taylor’s motion.
The trial judge provided numerous reasons for her decision. First, the trial judge found that the evidence pertaining to Officer Hunt’s arrest and conviction was not in existence at the time of trial and thus was not “newly discovered” within the comprehension of Article 851(3). Second, the trial judge then found that “there is nothing in the record to indicate that the [prosecution] ... would have been aware of any wrongdoing by the officer at the time that Mr. Taylor went to trial,” thus dismissing any notions of suppression or withholding of impeachment evidence by the district attorney’s office. Third, the trial judge found that evidence regarding the investigation of Officer Hunt was inadmissible at trial under La. C.E. art. 609.1 because Officer Hunt had not yet been indicted or convicted of any crime at the time of Mr. Taylor’s trial. And the trial judge concluded that Mr. 17Taylor had failed to demonstrate that this information was of such a character that it would have changed the outcome of the trial and the jury’s guilty verdict.
Mr. Taylor on remand also attempted to raise two new claims under La.C.Cr.P. art. 851(1) and (5) in his memorandum. These claims had not previously been raised. The trial court denied Mr. Taylor’s motion on both grounds. We will not review the assignments of error raised by Mr. Taylor regarding these grounds, however, as they were not within the scope of our remand instructions, which permitted Mr. Taylor to substantiate only those issues raised by his initial motion for new trial under Article 851(3). See, e.g., State v. Hill, 11-1001, p. 9 (La.App. 4 Cir. 5/30/12), 94 So.3d 894, 900; State v. Stevenson, 390 So.2d 1292, 1295 (La.1980).
II
With respect to his motion for new trial as it was filed originally, Mr. Taylor urges us to reverse the trial judge’s ruling again and grant his motion for new trial due to the prosecution’s failure to disclose impeachment evidence that could have been *1254 used to discredit Officer Hunt’s testimony at trial. Mr. Taylor argues that our confi-. dence in the outcome of his trial should be questioned as his conviction was based on the testimony of Officer Hunt. Mr. Taylor claims that if the district attorney’s investigation and its subsequent plea agreement with Officer Hunt were disclosed to the jury, a different result would have likely occurred at trial.
After our review, we hold that the trial judge did not commit legal error when she denied Mr. Taylor’s motion for new trial after our remand for an | ^evidentiary hearing. Mr. Taylor failed to meet his evidentiary burden, and the trial judge properly denied his motion after clearly articulating her findings on the record. We begin by discussing the legal precepts that guide our review of the trial judge’s decision to again deny Mr. Taylor’s motion. We then apply those legal principles to the trial judge’s supported factual findings and affirm her decision, finding that she did not abuse her discretion by denying Mr. Taylor’s motion.
A
1
A motion for new trial should only be granted upon a showing that an injustice has been brought upon the defendant. See La.C.Cr.P. art. 851. Article 851 provides five grounds or “injustices” on which a trial court, on motion of the defendant, shall grant a new trial, including the one urged here that whenever “[n]ew and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.” La.C.Cr.P. art. 851(3).[2]
A defendant bears the burden of proof when seeking a new trial as a result of his conviction, previously obtained by the prosecution. See State v. Clayton, 427 So.2d 827, 832 (La.1982), on reh’g, citing State v. Coleman, 390 So.2d 865, 870 (La.l980). A determination of guilt or innocence in criminal proceedings is a “decisive and portentous event.” See Herrera, 506 U.S. at 401,113 S.Ct. 853, quoting Wainwright v. Sykes, 433 U.S. 72, 90, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (internal quotations omitted). Once a defendant has been afforded a fair trial and convicted of the offense for which he was charged, a criminal defendant is converted from a person presumed innocent to one found guilty beyond a reasonable doubt. See Ross v. Moffitt, 417 U.S. 600, 610, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); Herrera, 506 U.S. at 399, 113 S.Ct. 853. As a result of the loss of that presumption, a defendant seeking a new trial based on newly-discovered evidence must demonstrate: (1) that the new evidence was discovered after trial; (2) that failure to discover the evidence before trial was not attributable to the defendant’s lack of diligence; (3) that the evidence is material to the issues at trial; *1255 and (4) that the evidence is of such a nature that it would probably produce a different verdict in the event of retrial. See State v. Cavalier, 96-3052, p. 3 (La.10/31/97), 701 So.2d 949, 951 (per criam). See also State v. Prudholm, 446 So.2d 729, 735 (La.1984).
In ruling on this ground for a motion for new trial, the trial judge’s duty is not to weigh the new evidence as though he were a jury determining guilt or innocence .... Id. at 736. See also State v. Jones, 00-1942, p. 7 (La.App. 4 Cir. 7/25/01), 792 So.2d 117, 123. Rather, the trial judge should consider the newly-discovered evidence in light of the totality of the evidence and determine whether the evidence is so-material that it would have probably produced a different result than the verdict reached. See Kyles v. Whitley, 514 U.S. 419, 434-435, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995); Clayton, 427 So.2d at 830-831. “If the evidence supporting the guilty verdict | incontains significant contradictions and discrepancies, newly discovered evidence of relatively minor importance might be sufficient....” State v. Hammons, 597 So.2d 990, 998 (La.1992), citing State v. Talbot, 408 So.2d 861, 886 (La.1981). But “[t]he merits of such a motion must be viewed with extreme caution in the interest of preserving the finality of judgments.” State v. Smith, 11-0091, p. 32 (La.App. 4 Cir. 7/11/12), 96 So.3d 678, 696. “The effect of granting a new trial is to set aside the verdict or judgment and to permit retrial of the case with as little prejudice to either party as if it had never been tried.” La.C.Cr.P. art. 857.
2
“Neither the appellate nor supervisory jurisdiction of the supreme court may be invoked to review the granting or the refusal to grant a new trial, except for error of law.” La.C.Cr.P. art. 858 (emphasis added). We apply the scope of review set forth in Article 858 in our review of rulings on motions for new trial as well. See State v. Lewis, 97-2854, p. 35 (La.App. 4 Cir. 5/19/99), 736 So.2d 1004, 1024. As such, our review is limited to questions of law, comporting with Article V, Section 10(B) of the Louisiana Constitution, which provides: “In criminal cases [an appellate court’s] jurisdiction extends only to questions of law.” Thus, Article 858, while more particularized, neither expands nor contracts our constitutionally-provided scope of review for rulings on motions for new trials. See La.C.Cr.P. art. 851 cmt. (a).
The Louisiana Supreme Court, in Prudholm, has held that a trial judge’s decision to grant or deny a defendant’s motion for new trial under Article 851(3) is Ina question of law. 446 So.2d at 735, citing Talbot, 408 So.2d at 885. A trial judge, of course, in order to properly determine whether newly-discovered evidence justifies the granting of a new trial, must necessarily make findings of fact and apply legal precepts to those findings. A trial judge must, among other things, consider the newly-discovered evidence, including when and how the evidence was discovered; determine the evidence’s validity; decide the weight of that evidence in light of the totality of the evidence presented at trial; and rule on whether it is probable that introduction of the newly-discovered evidence at trial would have produced a different result than the verdict reached.
The question of law presented to the reviewing court is whether the trial judge abused his discretion when making the ruling. In order to allow us to effectively *1256 perform our error-correction function, the Louisiana Supreme Court has directed trial judges to clearly and thoroughly articulate the factual findings and legal conclusions underlying their rulings on motions for new trials. See State v. Guillory, 10-1281, pp. 6-7 (La.10/8/10), 45 So.3d 612, 617; State v. Miller, 05-1111, pp. 3-4 (La.3/10/06), 923 So.2d 625, 627.
A trial judge’s articulation of his reasons for judgment, while not statutorily mandated, is essential to facilitate our review of his ruling on a defendant’s motion for new trial if we are to accord the trial judge’s decision the great deference to which it is entitled. See Guillory, 10-1231, p. 7, 45 So.3d at 617 (Weimer, J., concurring in part and dissenting in part); Talbot, 408 So.2d at 885 (trial judge’s determination is entitled to “great weight”). A ruling on a motion for new trial launder Article 851(3) without accompanying articulated reasons suggests that the trial judge’s exercise of discretion is unsupported. See, e.g., Guillory, 10-1231, pp. 6-7, 45 So.3d at 616-617.
Thus, when reviewing rulings on motions for new trial under Article 851(3), we first look to the factual findings underlying each trial judge’s decision. We grant great deference to a trial judge’s factual findings and will only overturn those findings if they are not supported by any evidence. See State v. Wells, 08-2262, p. 4 (La.7/6/10), 45 So.3d 577, 580. See also State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206 (noting that deference is granted to trial judges’? findings of fact due to the complementary roles of trial and appellate courts). This standard of review has long been utilized for review of a trial judge’s factual findings in criminal proceedings and does not contravene Article V, Section 10(B) of the Louisiana Constitution. See State v. Hunt, 09-1589, p. 6 (La.12/1/09), 25 So.3d 746, 751, citing State v. Bourque, 622 So.2d 198, 222 (La.1993).
We necessarily accord to the trial judge “considerable discretion in evaluating the impact of newly discovered evidence, and his denial of a motion for new trial will not be disturbed on appeal absent a clear abuse of that discretion.” Clayton, 427 So.2d at 832. “Louisiana law ... recognizes the unique position of a trial judge to ‘get the feel of the case’ by observing the witnesses first hand as they testify. Miller, 05-1111, p. 4, 923 So.2d at 627. See also Smith, 11-0091, p. 32, 96 So.3d at 697. The trial judge witnesses the entirety of the trial and is unquestionably in the best position to determine the probability of certain | ^evidence's effect, if introduced at trial, on the verdict. We will not therefore overturn a ruling on a motion for new trial on review if a reasonable man could differ as to the propriety of the trial court’s action.” Prudholm, 446 So.2d at 735, citing Talbot, 408 So.2d at 885. See also State v. Womack-Grey, 99-0416, p. 3 (La.App. 4 Cir. 2/6/02), 809 So.2d 1166, 1168.
The trial judge’s articulation of the support for his decision also includes the application of sound legal principles which control the decision. Notably, a trial judge “necessarily abuses [his] discretion when [his] ruling is based on an erroneous view of the law.” State v. Lawson, 13-0812, p. 6 (La.App. 4 Cir. 11/20/13), 129 So.3d 792, 796, citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). See also United States v. Taylor, 487 U.S. 326, 335-336, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988) (noting that discretionary choices are not left to a judge’s inclination, but to his judgment, which is guided by sound *1257 legal principles). Thus, an articulation by the trial judge assists us as an error-correction tribunal to identify any legal errors which may have been made by the trial judge in ruling on the Article 851(3) motion.
Therefore, when a trial judge articulates factual findings for which there is evidentiary support as well as legal conclusions which do not reveal any erroneous view of the law, the ruling cannot be found to be an arbitrary or palpable abuse of his discretion. See State v. Guy, 95-0899, p. 8 (La.App. 4 Cir. 1/31/96), 669 So.2d 517, 523. When the trial judge has not abused his discretion on an Article 851(3) motion, there is no error of law, and we must uphold his ruling.
I14B
In this Part we apply those guiding precepts to the facts of this case.
Most importantly, we emphasize that the trial judge here did articulate her factual findings and her legal conclusions, which we set forth in Part I-B, ante. The trial judge, in denying the motion for new trial, found that the evidence pertaining to Officer Hunt’s arrest and conviction did not exist at the time of Mr. Taylor’s trial and that Mr. Taylor failed to prove that the district attorney was aware of any wrongdoing by Officer Hunt prior to or during Mr. Taylor’s trial. Thus, the trial judge, in denying the motion for new trial, found that all of the evidence of Officer Hunt’s illegal conduct was not “newly-discovered” within the comprehension of Article 851(3).
Mr. Taylor claims entitlement to a new trial for newly-discovered evidence stemming from the district attorney’s failure to disclose its investigation, indictment, and plea agreement with Officer Hunt. Mr. Taylor bore the burden to establish that this evidence qualified as “newly-discovered” under Article 851(3). See Clayton, 427 So.2d at 832, on reh’g. To substantiate those claims, Mr. Taylor produced unauthenticated copies of two news articles, which he attached to his memorandum. At the hearing on the motion for new trial, Mr. Taylor did not enter any documents into evidence, nor was any testimony elicited as no witnesses were called.
In order to be considered “newly-discovered” evidence under Article 851(3), evidence must exist at the time of trial and the movant must be able to introduce 115that evidence at trial. See State v. Everett, 13-0322, pp. 12-13 (La.App. 4 Cir. 3/26/14), — So.3d —, —, 2014 WL 1257455; Perron, 94-0761, p. 5, 686 So.2d at 996-997; State v. Bordelon, 09-1245, p. 9 (La.App. 3 Cir. 5/5/10), 37 So.3d 480, 486-487. This Court’s ruling in Everett illustrates this point. In Everett, the defendant filed a motion under Article 851(3), following his conviction on April 11, 2011, asserting that the newly-discovered evidence of his arresting officers’? subsequent convictions, one of whom is actually Officer Hunt himself, entitled him to a new trial. This Court, citing Perron, 94-0761, p. 5, 686 So.2d at 996-997, denied the defendant’s motion, finding that the arrest and conviction of the officers occurred subsequent to the defendant’s conviction and were not “newly-discovered” evidence as contemplated by Article 851(3). See Everett, 13-0322, pp. 12-13, — So.3d at-.
After examining the following timeline of events, it is clear that the trial judge’s factual findings as to Officer Hunt’s arrest and conviction are supported. On November 17, 2009, Mr. Tay *1258 lor was arrested for possession of cocaine. In January, 2011, Officer Hunt falsified information on a police report documenting a drug arrest, claiming to be present during that arrest when he was, in fact, at a dentist appointment. On March 30, 2011, Mr. Taylor was found guilty of possession of cocaine after a jury trial, On June 27, 2011, Officer Hunt was charged with several offenses. On September 23, 2011, Officer Hunt pleaded guilty to perjury and malfeasance in office. At the time of Mr. Taylor’s trial, Officer Hunt had not been arrested for or charged with the offenses for which he 11fiwas later convicted. Thus, any evidence of Officer Hunt’s arrest or conviction did not exist at the time of trial and was properly found by the trial judge to not qualify as “newly-discovered” under Article 851(3).
The trial judge’s finding that Mr. Taylor failed to show that the district attorney was aware of any wrongdoing by the officers at the time of Mr. Taylor’s trial is also supported. Mr. Taylor attempted to support his claim by showing that Officer Hunt had committed the wrongful conduct prior to his trial and that the prosecution had filed a motion in li-mine to exclude questions and extrinsic evidence pertaining to witness particular acts, vices, or courses of conduct which have not resulted in criminal convictions. We will not overturn this supported factual finding. Mr. Taylor failed to meet the evidentiary burden to show that these events constituted “newly-discovered” evidence under Article 851(3). Our previous holdings in Everett and Perron support that this evidence should thus not be considered “newly discovered” as contemplated by Article 851(3). And consequently we find that she applied sound legal principles to her factual findings.
SUMMARY
Because the trial judge’s articulated reaSOns for her ruling on the Article 851(3) motion for new trial demonstrate that her factual findings have support in the evi-¿fence and that she correctly applied the controlling legal principles to those findings, we necessarily hold that the trial judge did not abuse her discretion by denying Mr. Taylor’s motion for new trial, And because she did not abuse her Indiscretion, we necessarily conclude that there is no error of law, and in the absence of an error of law the ruling may not be reversed.
DECREE
We affirm the trial judge’s decision to deny Kevin Taylor’s motion for new trial.
AFFIRMED.

. 94-0761 (La.App. 4 Cir. 8/23/95), 660 So.2d 903.

. The United States Constitution does not explicitly provide to persons convicted of crimes any procedural mechanism or substantive right to a new trial. See Herrera v. Collins, 506 U.S. 390, 408, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). The American colonies, however, imported principles of English common law, which began granting new trials in criminal cases at the end of the 17th century, into their systems of justice. See id. at 408-409, 113 S.Ct. 853. One such historical ground for granting a new trial was newly-discovered evidence. See id. at 408, 113 S.Ct. 853.