*1240
 
 PER CURIAM.
 

 _JjWrit granted. The decision of the court of appeal is reversed in part, and the trial court’s adjudication and sentencing of defendant as a habitual offender are reinstated. The requirements of R.S. 15:529.1(D)(l)(a) that the court inform a defendant of the allegations in a habitual offender bill of information, and of his right “to be tried as to the truth thereof according to law,” should not serve as technical traps for an unwary but otherwise conscientious judge. It appears from the transcript of the habitual offender hearing that the trial court granted defendant’s request and reappointed defense counsel, whose representation he had waived during trial, for purposes of conducting the hearing. Counsel informed the court that she had reviewed with defendant the state’s documentary proof regarding his prior convictions, discussed “the ramifications of a hearing versus stipulating” to the allegations of the habitual offender bill, and that, “after much discussion,” defendant had decided to stipulate to his habitual offender status. The trial court had the right to rely on counsel’s assertions made in defendant’s | ¡.presence as an accurate reflection of his intentions.
 
 Cf State v. Phillips,
 
 365 So.2d 1304, 1308 (La.l979)(valid waiver of jury trial made by counsel in open court in defendant’s presence); State
 
 v. Halsell,
 
 403 So.2d 688, 692 (La.l981)(trial court may rely on counsel’s representation she had explained defendant’s rights to him; any other rule “would tend to undermine the relationship of trust that must necessarily exist between the bench and bar.”). After the state detailed on the record the allegations in the habitual offender bill with respect to defendant’s prior convictions and introduced its documentary proof of those convictions, and informed the court that its fingerprint expert was available to confirm defendant’s identity as the previously convicted offender, the trial court asked the defense if it, in fact, had any response. The record indicates that counsel once again conferred with defendant and that he thereafter personally responded, “No.” It therefore appears that defendant was fully informed of the allegations in the habitual offender bill and of his right to contest those allegations, with a correlative right to remain silent at the hearing, that he thereafter voluntarily stipulated to the habitual offender allegations after conferring with counsel, and that the trial court adjudicated him a habitual offender on the basis of not only his stipulation but also the documentary evidence introduced by the state at the hearing. Defendant’s interests were fully protected and any tech
 
 *1241
 
 nical non-compliance with the statutory directives in R.S. 15:529.1(D)(l)(a) was harmless.
 
 See State v. Brown,
 
 11-1656 (La.2/10/12), 82 So.3d 1232.